# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF PUERTO RICO

| | |
|---|---|
| MR. SALVADOR HERRERA CRUZ<br>Plaintiff,<br><br>Vs.<br><br>BIO-MEDICAL APPLICATIONS OF ARECIBO, INC.; FRESENIUS MEDICAL CRE HOLDINGS, INC.; RB FUELING LIMITED, LLC.; MATHEW BARGO; DR. SUSONI HEALTH COMMUNITY CORP.; METRO PAVIA HEALTH SYSTEM, INC.; UNIVERSL GROUP INC.DBA UNIVERSAL INSURANCE COMPANY; JOHN DOE AND RICHARD DOE; AND XYZ INSURANCE COMPANY<br>Defendants | Civil No. 3:19-CV-01582 (PAD)<br><br>Tort; Damages; Personal Injury;<br>Diversity;<br>Trial by Jury Demanded |

## MOTION TO SUMMARY JUDGEMENT

**TO THE HONORABLE COURT:**

COME NOW, co-defendant **METRO PAVIA HEALTH SYSTEM INC.**, (hereinafter as "MPHS") through the undersigned attorney and to this Honorable Court respectfully alleges and prays:

### INTRODUCTION

On June 14, 2019, Plaintiff Salvador Herrera filed a Complaint in the instant case against Codefendant Metro Pavia Health System Inc., alleging Damages, based upon negligence, acts or omissions that resulted in physical injuries. On July 12, 2019, Plaintiff filed First Amended Complaint. Plaintiff alleges he fell from a fixed ladder at Pavia Arecibo Hospital premises, while providing services as an independent contractor for RB Fueling Limited, LLC to Fresenius diesel tanks. **[See Docket 12 First Amended Complaint]**

The amended Complaint, far from making factual claims against MPHS, only submits conclusory allegations in an attempt to establish that MPHS must be held accountable for the plaintiff's complaint against Pavia Arecibo Hospital. Plaintiff essentially alleges that MPHS provided consulting and advisory services as an independent contractor of Pavia Arecibo Hospital, and for that reason is jointly and severally liable for Plaintiff´s damages. **[See Docket 12 First Amended Complaint page 19, 20 and 21]**

The evidence attached to this Motion for Summary Judgment and the applicable law confirm that MPHS is not, and cannot, be liable to the Plaintiff for the alleged damages. MPHS is a corporation independent of that owner, operator and administrator of Pavia Arecibo Hospital. **[SUF 13]** MPHS as an independent contractor, subscribed a Counseling and Consulting services agreement with Dr. Susoni Health Community Services d/b/a Pavia Arecibo Hospital. **[SUF 4]** The nature of the contract is one of advisory, it is firmly established that the contract does not constitute a delegation of the Hospital functions to MPHS. **[SUF 5]** It is at the Hospital's sole discretion to accept, reject in whole or in part the recommendations provided under the Advisory Contract. **[SUF 6]** Furthermore, Pavia Arecibo Hospital never required or request MPHS an assessment regarding the fixed ladder.

MPHS moves the Court to grant Summary Judgement under the Federal Rules of Civil Procedure 56 (a), because there is no genuine issue as to any material fact regarding that MPHS is not liable to Plaintiff and the Complaint fails to state a claim against MPHS upon which a relief can be granted. Therefore, it is requested that all claims against appearing Codefendant be dismissed.

## II. STANDARD OF REVIEW

### A. SUMMARY JUDGEMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure states that it is suitable to issue summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Estades-Negroni v. The Associates, 377 F.3d 58 (1st Cir. 2004). Calero-Cerezo v. U.S. Department of Justice, 355 F.3d 6, 19 (1st Cir. 2004). A "genuine" issue is one that could be resolved in favor of either party, and a "material fact" is one that has the potential of affecting the outcome of the case. Calero-Cerezo, 355 F.3d at 19 (citing 477 U.S. 242, 248-250 (1986)). Rule 56 (b) provides that a party against whom a claim is asserted may file a motion for summary judgment at any time until 30 days after the close of all discovery.

When analyzing a motion for summary judgement, it is incumbent upon the court to determine, as a threshold matter, whether there exists an issue of material fact requiring trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2511 (1986). Once the moving party has presented evidence in support of its motion for summary judgment, "the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor." Woodward v. Emulex Corp., 714 F.3d 632, 634 (1st Cir. 2013) (citing Hodgens v. Gen. Dynamics Corp., 144 F.3d 151, 158 (1st Cir.1998)).

Faced with a defendant's motion for summary judgment, a plaintiff must come forward with some evidence showing a genuine dispute of material fact if he wants to get in front of a jury. A plaintiff's failure to produce any evidentiary proof concerning one of the essential elements of

his claim is grounds for summary judgment. Jakobiec v. Merrill Lynch Life Ins. Co., 711 F.3d 217, 221 (1st Cir. 2013) (Citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–323(1986)

A district court evaluates the facts of a motion for summary judgment in the light most favorable to the nonmoving party. Houlton Citizens' Coal. v. Town of Houlton, 175 F.3d 178, 184 (1st Cir. 1999). Summary judgment is warranted only if the record discloses no genuine issue of material fact and demonstrates that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). "This standard is favorable to the nonmoving party, but it does not give him a free pass to trial." Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). "To be genuine, a factual dispute must be built on a solid foundation — a foundation constructed from materials of evidentiary quality." Nieves-Romero v. United States, 715 F.3d 375, 378 (1st Cir. 2013); Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011); Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990).

Summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." Ayala-Gerena v. Bristol Myers-Squibb Co., 85 F.3d 86, 95 (1st Cir. 1996). "Conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative" will not defeat a summary judgment motion that complies with Local Rule 56 and Fed. R. Civ. P. 56. Rogan v. City of Boston, 267 F. 3d 24, 27(1st Cir. 2001). "Brash conjectures coupled with earnest hope that something concrete will eventually materialize, is insufficient to block summary judgement." Dow v. United Brotherhood of Carpenters, 1 F.3d 56, 58 (1st Cir.1993).

"The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38(1st

Cir. 2002). "It is only when a disputed fact has the potential to change the outcome of the suit under the governing law if found favorably to the non-movant that the materiality hurdle is cleared." Calero-Cerezo, 355 F.3d 19. (citing Parrilla-Burgos v. Hernández-Rivera, 108 F.3d 445, 448 (1st Cir. 1997)). It is well-settled that "the mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) It is therefore necessary that "a party opposing summary judgment must 'present definite, competent evidence to rebut the motion." Maldonado–Denis v. Castillo–Rodriguez, 23 F.3d 576, 581 (1st Cir.1994).

Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgments. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); J.Moore, Moore's Federal Practice, 3rd ed., Ed. Mathew Bender, Sec. 56.11[4], p. 56-130. "The device allows courts and litigants to avoid full-blown trial in unwinnable cases, thus conserving the parties' time and money, and permitting the courts to husband scarce judicial resources." McCarthy v. Northwestern Airlines, Inc., 56 F.3d 313, (1st Cir. 1994).

### B. Claims for Tort, Damages

The general source of law governing liability for negligence is Art. 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141. Article 1802 provides for a cause of action stemming from an individual's negligent acts. Isla Nena Air Services, Inc. v. Cessna Aircraft Co., 449 F.3d 85, 88 (1st Cir.2006). The statute states in pertinent part that "a person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141. A claim under Article 1802 requires that the plaintiff prove three elements: "(1) a negligent act or omission, (2) damages, and (3) a causal relationship between

them." Acevedo–Reinoso v. Iberia Lineas Aereas de Espana S.A., 449 F.3d 7, 15 (1st Cir.2006) (quoting Irvine, IRG v. Murad Skin Research Labs., Inc., 194 F.3d 313, 321–22 (1st Cir.1999)).

When the first element is based on an omission, the defendant must have had a duty to act. Rodriguez–Quinones v. Jimenez & Ruiz, S.E., 402 F.3d 251, 254–55 (1st Cir.2005). Failure to establish a duty of care is fatal to a cause of action pursuant to Article 1802. See De Jesús Adorno v. Browning Ferris Indus., 992 F.Supp. 121, 123 (D.P.R. 1998) ("*As a simple matter of tort law, if BFI had no duty to repair the hole, it cannot be held liable for its failure to do so.*")

Furthermore, liability will only arise under the failure to act if the damages complained of were reasonably foreseeable to the defendant. Irvine, 194 F.3d at 321–22. Finally, "in order for liability to attach, the negligent act must be the 'adequate cause' of the harm." Tokyo Marine and Fire Ins. Co., Ltd. v. Perez & Cia., De Puerto Rico, Inc., 142 F.3d 1, 7 n. 5 (1st Cir.1998). Adequate cause is a concept similar to proximate cause. Id.

Negligence has been defined by the Commonwealth Courts as the failure to exercise due diligence to avoid foreseeable risks. Jimenez v. Peregrin*a,* 112 D.P.R. 700 (1982).

In particular, claims based on allegedly dangerous conditions on commercial property ("premises liability claims") require a showing that the defendant knew of or should have foreseen the risks created by the condition.

> ¨When it comes to business establishments, the general rule is that although a business owner is not the absolute insurer of the safety of its patrons, the business owner has a duty to keep said establishment in a safe condition so that the clients do not suffer harm or damage. However, liability is only imposed in situations that involve risky conditions inside the business premises that the owner knew or should have known existed. In other words, a plaintiff must prove that the defendant had actual or constructive knowledge of the dangerous condition that most likely than not caused the damage.¨ Torres v. KMart Corp., 233 F. Supp. 2d 273, 278 (D.P.R. 2002)

Claims arising from allegedly dangerous properties may, alternatively, take the form of a defective design (or negligent design) case. The essential elements of a negligent design case are the same as other tort claims: injury, breach of duty, and proximate cause. However, in a design case, the plaintiff also "bears the burden of establishing the applicable standard of care," Prado Alvarez v. R.J. Reynolds Tobacco Co., 313 F.Supp.2d 61, 73 (D.P.R.2004), aff'd, 405 F.3d 36 (1st Cir.2005). Whereas a typical tort claim involves the generic "reasonably prudent person" standard of care and requires the plaintiff to present no evidence about the defendant's duty, a plaintiff in a design case must present evidence as to the specific duty or standard of care applicable to the design of the product or property at issue.

IV. ARGUMENT

A. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST METRO PAVIA HEALTH SYSTEM UPON WHICH A RELIEF CAN BE GRANTED

In the present case, there is no basis for a finding of liability under Article 1802 or Puerto Rico Civil Code against MPHS. Plaintiff accuses solidarity negligence against MPHS based solely on conclusory allegations and unsupported speculation. Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. Plaintiff alleges that MPHS is liable: "*as the person who acts as a contractor or subcontractor in the facility where the damages occurred for its acts and or negligent omissions, allowing a dangerous condition in its owned premises, and or for a breach of duty to provide a safe commercial facility to invitees and or servicemen of the facility* **[Docket 12, Amended Complaint,¶1, page 20]**; *failed to warn or report or provide services in Susoni Health premises with code compliant access equipment, as the fixed ladder provided has a missed and/or unattached or separated grab-rail component* **[Docket 12, Amended Complaint,¶3, page**

7

*20]; did not provide a fixed ladder with side rails that extend continuously connected to the top level or landing platform of the ladder [Docket 12, Amended Complaint, ¶4, page 20]; negligently operated or allow Susoni Health's premises to be operated in violation to construction and building codes[Docket 12, Amended Complaint, ¶1, page 21]; failed to provide a safe working zone to its invitees and contractors and failed to warn plaintiffs about the dangerous conditions in its premises or where it provides services [Docket 12, Amended Complaint, ¶2, page 21]; failed to provide Mr. Herrera with a fall prevention program and safety instructions or protocol [Docket 12, Amended Complaint,¶5, page 21]; failed to supervise Mr. Herrera as an invitee or contractor allowing him access to Susoni Health's premises into a dangerous condition without prevention warnings [Docket 12, Amended Complaint, ¶6, page 21]; failed to maintain a reasonably safe condition for the use of its visitors and invitees or servicemen as Mr. Herrera. "* **[See Docket 12, First Amended Complaint, ¶7, page 21]**

MPHS cannot be liable for the damages alleged by Plaintiff as it did not violate any duty owed to Plaintiff under the law. Plaintiff essentially repeats the same allegations made against codefendant Dr. Susoni Health Community Service Corp. There is no justiciable controversy regarding that: MPHS is not owner of Pavia Arecibo Hospital or its premises. Dr. Susoni Health Community Services Corp. and MPHS are independent and separate legal entities, the exclusive owner and operator of Pavia Arecibo Hospital is Dr. Susoni Heatlh Community Service Corp. **[SUF 13]** MPHS has never been licensed to operate health services facilities, as provided in Law 101 of June 26, 1965, as amended. **[SUF 3]**

MPHS is a corporation that provides consulting and counseling services in multiple areas such as: Human Resources, Marketing, Finance, Public Relations, Physical Plant, Contracts, Information System and medical utilization. **[SUF 2]** On January 1, 2016, MPHS as an

independent contractor, subscribed a Consulting and Counseling services agreement with Dr. Susoni Health Community Services d/b/a Hospital Pavia Arecibo. **[SUF 4]** It is firmly established that the contract does not constitute a delegation of the Hospital functions to MPHS. **[SUF 5]** It is at Pavia Hospital full discretion to fully or partially accept or reject the recommendations received by virtue of the Agreement. **[SUF 6]** MPHS does not exercise any kind of control over Dr. Susoni Health Community Corp. decisions regarding Physical Plant or any other aspect in which counseling or consulting is provided. **[SUF 8]** Dr. Susoni Health Community Services is responsible for the operating cost, rights and obligations relating to its operations. **[SUF 9]** MPHS is not responsible for any possible act or omission of Dr. Susoni Health Community Corp. **[SUF 14]** MPHS is not responsible or liable for claims arising out of slip and falls or other accidents at Pavia Arecibo Hospital premises or claims arising out of Pavia Arecibo Hospital negligence, willful misconduct, or negligent performance of, or failure perform, any of its duties or obligations. **[SUF 16]** Dr. Susoni Health Community Services Corp., as the owner, administrator and operator of the Pavia Arecibo Hospital, is the corporation that could be held accountable for acts or omissions occurred at its premises. **[SUF 12]** MPHS is not and was not involved, in any way in the design, construction, or inspection of Pavia Arecibo Hospital fixed ladder. **[SUF 10]** Furthermore, Pavia Arecibo Hospital never required or request MPHS an assessment regarding the fixed ladder. **[SUF 7]** Hence, MPHS cannot be liable for alleged damages on premises which he does not own, operate or administer.

The Complaint fails to state a claim under which any remedy may be granted. The only allegation against MPHS is that it is jointly and severally liable for the sole reason that it provided consulting and advisory services as a contractor to Dr. Susoni Health Community Service Corp. **[Docket 12, Amended Complaint,¶4, page 5]** There is no controversy regarding that MPHS is

9

an independent contractor with a Consulting and Advisory Agreement with Dr. Susoni Health Community Services. That fact does not meet the burden to establish a Damages cause of action against MPHS. The Consulting and Advisory Agreement governs the terms and nature of the relationship between MPHS and Dr. Susoni Health Community Service and explicitly indicate that MPHS is not responsible for the operations, administration or obligations of Dr. Susoni Health Community Services. Specifically, it is an uncontested fact that MPHS was not involved, in any way in the design, construction, or inspection of Pavia Arecibo Hospital fixed ladder. **[SUF 10]** and Pavia Arecibo Hospital never required or request MPHS an assessment regarding the fixed ladder. **[SUF 7]** Therefore, as a matter of law MPHS cannot be jointly and severally liable for the liability or negligence of other codefendants.

## V. CONCLUSION:

WHEREFORE, for all the foregoing reasons, it is respectfully requested for this Honorable Court that the motion for summary judgement be granted and all claims against MPHS be dismissed, along with reasonable attorneys' fees and costs and such other relief as may be just.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED**
In Guaynabo, Puerto Rico, this 24th day of October of 2019.

           **s/ Krystel Sáez Merced**
           USDC-PR No. 304412
           E-mail ksaez@metropaviahealth.com

           **Metro Pavia Health System, Inc.**
           PO Box 3180
           Carolina, PR 00984
           Telephone: 787.625.8763
           Facsimile: 787.625.8543