**EXHIBIT 1**



Government of Puerto Rico
**DEPARTMENT OF STATE**
San Juan, Puerto Rico

# CERTIFICATE OF REGISTRY

I, **KENNETH D. McCLINTOCK, Secretary of State** of the Government of Puerto Rico;

**CERTIFY**: That **METRO PAVIA HEALTH SYSTEM, INC.**, register number **305979**, is a **Domestic For Profit Close Corporation** organized under the laws of Puerto Rico on this **9th of November, 2011 at 08:04 a.m.**.

**IN WITNESS WHEREOF**, I hereby sign this certificate, in the City of San Juan, Puerto Rico, today, 9th of November, 2011.

KENNETH D. McCLINTOCK
Secretary of State

368343 - $ 110.00

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| MR. SALVADOR HERRERA CRUZ<br>Plaintiff,<br><br>Vs.<br><br>BIO-MEDICAL APPLICATIONS OF ARECIBO, INC.; FRESENIUS MEDICAL CRE HOLDINGS, INC.; RB FUELING LIMITED, LLC.; MATHEW BARGO; DR. SUSONI HEALTH COMMUNITY CORP.; METRO PAVIA HEALTH SYSTEM, INC.; UNIVERSL GROUP INC.DBA UNIVERSAL INSURANCE COMPANY; JOHN DOE AND RICHARD DOE; AND XYZ INSURANCE COMPANY<br>Defendants | Civil No. 3:19-CV-01582 (PAD)<br><br>Tort; Damages; Personal Injury;<br>Diversity;<br>Trial by Jury Demanded |

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I, Ian Edgardo Guillen Marichal, of legal age, in my capacity as Chief Financial Officer for Metro Pavia Health System, Inc. ("Metro Pavia Health System") declare under penalty of perjury that, to the best of my knowledge:

1. My name and other personal circumstances are the ones above. I affirm that I am currently serving as Chief Financial Officer (CFO) of Metro Pavia Health System, Inc.

2. Metro Pavia Health System Inc. is a corporation that provides consulting and advisory services in several areas such as: human resources, marketing, finance, public relations, physical plant, contracts, information system and medical utilization.

3. MPHS, does not have a license and has never been licensed to operate health services facilities, as provided for in Law 101 of June 26, 1965, as amended.

4. On January 1, 2016, MPHS as an independent contractor, subscribed a Consulting and Advisory services agreement with Dr. Susoni Health Community Services d/b/a Hospital Pavia Arecibo. The term of the agreement is five years.

1

5. The nature of the contract is one of advisory, it is firmly established that the contract does not constitute a delegation of Pavia Arecibo Hospital functions to Metro Pavia Health System.

6. MPHS does not exercise any kind of control over Dr. Susoni Health Community Corp. DBA Pavia Arecibo Hospital decisions regarding Physical Plant or other assessment topics.

7. MPHS is not and was not involved, in any way in the design, construction, or inspection of Pavia Arecibo fixed ladder.

8. Pavia Arecibo Hospital never required or requested Metro Pavia Health System Inc., an assessment regarding the fixed ladder.

9. Metro Pavia Health System Inc. is not responsible for any possible act or omission of Dr. Susoni Health Community Services Corp., who was the owner, administrator and operator of Pavia Arecibo Hospital for the date of the alleged events.

10. MPHS is not responsible or liable for claims arising out of slip and falls or other accidents at Pavia Arecibo Hospital premises or claims arising out of Pavia Arecibo Hospital negligence, willful misconduct, or negligent performance of, or failure to perform, any of its duties or obligations

11. The foregoing is based on my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22, 2019.

IAN EDGARDO GUILLEN MARICHAL

CERTIFIED TRANSLATION

## General Counseling and Consulting Services Agreement

In the City of HOSPITAL, Puerto Rico on <u>January 1, 2016.</u>

### BY AND BETWEEN

THE PARTY OF THE FIRST PART: <u>Dr. Susoni Health Community Services Corp. D/B/A Hospital Pavia Arecibo</u>, a corporation organized and doing business under the laws of the Commonwealth of Puerto Rico, represented herein by its <u>Associate Administrator</u>, <u>Yelitza Lucena Quiles, Esq.</u>, <u>married</u>, of legal age, a resident of <u>Guaynabo, Puerto Rico</u>, who has the power to execute this Agreement (the HOSPITAL).

THE PARTY OF THE SECOND PART: Metro Pavía Health System, Inc., a corporation organized and doing business under the laws of the Commonwealth of Puerto Rico, with Employer Identification Number 660-775124, represented herein by its authorized representative, <u>Jamie Rivera Pesante</u>, married, of legal age, and a resident of <u>San Juan, PR</u> (the CONTRACTOR or METRO PAVÍA HEALTH SYSTEM).

For the purposes of this Agreement, <u>Dr. Susoni Health Community Services Corp. D/B/A Hospital Pavia Arecibo</u>, shall be referred to as HOSPITAL and Metro Pavía Health System, Inc. shall be referred to as METRO PAVÍA HEALTH SYSTEM or CONTRACTOR.

The appearing parties state that they have the capacity to execute this Agreement, wherefore they freely and voluntarily agree to the following:

### INTRODUCTION

METRO PAVIA HEALTH SYSTEM has the necessary personnel and knowledge to provide operational counseling and consulting services in the areas listed below. On its part, it is the interest of HOSPITAL to obtain the necessary counseling in diverse areas related to its business, without necessarily having to incur in the contracting and expenses of highly qualified regular employees, which would entail a considerable financial impact. To that aim, METRO PAVIA HEALTH SYSTEM and the HOSPITAL have agreed to execute this Agreement, under the following clauses and conditions.

[initials in left margin] [initials in left margin]

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

General Counseling and Consulting Services Agreement

1.  **DESCRIPTION OF SERVICES.** As of the date of the execution of this agreement, METRO PAVÍA HEALTH SYSTEM shall provide counseling and consulting services to <u>Dr. Susoni Health Community Services Corp. D/B/A Hospital Pavia Arecibo</u> with regard to the following areas:

>   Human Resources and Labor Relations
>   Physical Plant and Maintenance
>   Finance
>   Medical Utilization
>   Purchasing
>   Marketing
>   Public Relations
>   Risk Management
>   Compliance
>   Contracts
>   Operational Counseling
>   Legal Services
>   Information Systems

The duties and obligations of METRO PAVÍA HEALTH SYSTEM shall essentially be provided in the broadest and most all-encompassing terms possible. The HOSPITAL shall have the authority to accept or reject the recommendations of METRO PAVÍA HEALTH SYSTEM. The parties sign this Agreement with the sole purpose of establishing a business relationship between them, to provide all the counseling and consulting services in the previously listed areas. This agreement should not be understood to constitute a delegation of these duties to the CONTRACTOR.

2.  **COMPENSATION FOR SERVICES TO BE RENDERED.** HOSPITAL shall pay METRO PAVÍA HEALTH SYSTEM the amount that is itemized in the accompanying Appendix A for the services to be rendered by virtue of this Agreement.

3.  **DURATION OF THE AGREEMENT.** This Agreement shall take effect as of its execution and shall remain valid for five (5) years until <u>December 31, 2020</u>. It shall be henceforth

[initials in left margin] [initials in left margin]                                Page 2 of 8


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

General Counseling and Consulting Services Agreement

be understood to be renewed on a month-to-month basis, unless one (1) of the two (2) parties informs the other in writing of its intention to cancel it.

**4. NATURE OF THE RELATIONSHIP.** The contracting corporations herein are independent and separate legal entities. As such, it is the intent of the parties to preserve said relationship at all times. Accordingly, each entity shall be the sole party responsible for the relationship between the corporation and its employees.

METRO PAVÍA HEALTH SYSTEM shall independently employ the necessary human resources to fulfill its obligations under this Agreement and shall defray its own expenses, including transportation expenses.

METRO PAVÍA HEALTH SYSTEM shall have control over the work terms and conditions, namely, work schedule, wages, approval of leave of absence, including vacation leave, sick leave, overtime pay, unemployment insurance, contributions to the State Insurance Fund, labor relations, compliance with the rules and regulations applicable to the work terms and conditions of the individuals contracted by METRO PAVÍA HEALTH SYSTEM that provide service relating to this Agreement, including those that are assigned to the HOSPITAL to provide the services contemplated in this Agreement. Neither of the parties shall intervene in the hiring, discipline, dismissal, wages, benefits, bonuses, or custody of personnel records of the other party.

The exclusive owner and operator of the hospital institution is the HOSPITAL. The HOSPITAL shall maintain custody of its business records.

This Agreement should not be interpreted as one of exclusivity, wherefore the employees of METRO PAVÍA HEALTH SYSTEM may provide services to other companies, subject to and pursuant to the agreements that these employees may have.

**5. COMPLIANCE WITH HIPAA.** The CONTRACTOR, when rendering services, shall comply with all applicable laws and regulations, including, but not limited to the requirements of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and any amendment regarding the obligation to privacy, confidentiality, and security in the handling of patient information.

[initials in left margin] [initials in left margin]                                        Page 3 of 8



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

General Counseling and Consulting Services Agreement

**6. MATERIALS AND EQUIPMENT.** METRO PAVÍA HEALTH SYSTEM shall be the sole party responsible for providing and paying for the necessary materials and equipment for the fulfillment of the obligations arising from this Agreement, except whenever otherwise expressly authorized and agreed beforehand in writing.

**7. PRIORITY.** The CONTRACTOR pledges to prioritize the services to be rendered to the HOSPITAL and for said services to be rendered in an efficient manner.

**8. FACILITIES.** The work duties shall be performed wherever their performance is most efficient, whether on the premises of the HOSPITAL or at the facilities of METRO PAVÍA HEALTH SYSTEM. The fact that METRO PAVÍA HOSPITAL assigns personnel to the facilities or premises of the HOSPITAL shall not be interpreted as a modification of this agreement, or a modification of the relationship between the parties and their respective employees. Regardless of the amount of time that an employee of METRO PAVÍA HEALTH SYSTEM is assigned to the facilities of the HOSPITAL, they shall for all legal and practical effects solely and exclusively remain an employee of METRO PAVÍA HEALTH SYSTEM and not the HOSPITAL. Likewise, should the HOSPITAL send employees to METRO PAVÍA HEALTH SYSTEM for an indefinite or extended period of time, it shall in no way or form be understood that METRO PAVÍA HEALTH SYSTEM has control over the employees of the HOSPITAL or consider itself their employer or co-employer.

**9. NO EMPLOYMENT RELATIONSHIP.** The CONTRACTOR acknowledges and accepts its condition as an independent contractor, wherefore neither the CONTRACTOR nor its employees shall generate any type of benefit from the HOSPITAL, such as vacation time, sick leave, disability insurance, among others. The CONTRACTOR shall be responsible for satisfying the corresponding contributions to Federal Social Security and for obtaining its own policy with the State Insurance Fund.

**10. ADMINISTRATION.** Each of the parties shall be individually responsible for the operating costs, rights, and obligations related to its operations.

[initials in left margin] [initials in left margin]                                              Page 4 of 8

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

General Counseling and Consulting Services Agreement

**11. CONSULTING.** The parties expressly agree that the nature of this agreement is one of consulting and counseling. METRO PAVÍA HEALTH SYSTEM shall provide consulting and counseling services, wherefore it shall remain at the full discretion of the HOSPITAL to fully or partially accept or reject the recommendations received by virtue of this Agreement. It is expressly agreed that for all pertinent legal purposes, they are distinct, different corporations with their won legal personhood. Nothing in this agreement should be interpreted as a control on the part of METRO PAVÍA HEALTH SYSTEM with relation to the affairs regarding the operational counseling, human resources and labor relations, physical plant and maintenance, finances, legal advice and representation, medical utilization, purchasing, compliance, hiring, marketing, public relations, legal services, information systems, or risk management, or any other aspect regarding which counseling or consulting is provided. This Agreement seeks to regulate the relationship between both parties and does not grant any rights to third parties, that are not appearing parties herein.

**12. INTELLECTUAL PROPERTY RIGHTS.** Any product subject to property rights, works, ideas, discoveries, inventions, patents, products and any other type of information developed all or in part by METRO PAVÍA HEALTH SYSTEM in relation to the services provided shall be the exclusive property of said party. If so required, the HOSPITAL shall execute the necessary documents to confirm the exclusive intellectual property rights of METRO PAVÍA HEALTH SYSTEM.

**13. DUTY OF LOYALTY.** The CONTRACTOR acknowledges that in the discharge of its professional role it has a duty of loyalty to the HOSPITAL, which includes not having adverse interests with the latter or its contractors. This duty includes the continuous obligation of disclosing to the HOSPITAL any relationship with clients or third parties that could affect, influence, or have interests that are in conflict with the HOSPITAL or its contractors. The CONTRACTOR and/or its employees, shareholders, or officers shall not be involved, directly or indirectly, in any activities that compete with or are in conflict with the interests of the HOSPITAL or its contractors.

**14. CONFIDENTIALITY.** METRO PAVÍA HEALTH SYSTEM, its employees, agents, or representatives shall not use or benefit directly or indirectly, for personal use, or disclose

[initials in left margin] [initials in left margin]                                             Page 5 of 8


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

General Counseling and Consulting Services Agreement

or communicate in any way information that is property of the HOSPITAL and its employees, agents, or representatives. METRO PAVÍA HEALTH SYSTEM, its employees, agents, and representatives shall protect said information and treat such as strictly confidential. This clause shall survive the termination of this Agreement.

**15. RETURNING OF DOCUMENTATION.** Upon termination of the Agreement, METRO PAVIA HEALTH SYSTEM shall return all files, notes, documents, or any other instrument that is used, created, or controlled by METRO PAVIA HEALTH SYSTEM related to the HOSPITAL during the term of the Agreement within 30 days of being required in writing. The CONTRACTOR pledges not to reproduce and and to keep the information related to this Agreement confidential. The CONTRACTOR agrees to not disclose or use for its personal benefit, or that of third parties, any of the documents, records, reports, statistics, policies, manuals, or any other information of the HOSPITAL during or after the term of the Agreement. In the event that the Agreement is cancelled or expires, the CONTRACTOR pledges to return all information provided by the Hospital and to not take it, reproduce it, appropriate, keep, or use it in any way.

**16. GUARANTEE.** METRO PAVÍA HEALTH SYSTEM shall provide the services and shall fulfill the obligations assumed in this Agreement in an appropriate manner and within the require timeframe using the knowledge and recommendations that meet the acceptable parameters in the market and shall provide the services with a quality that is equal to or superior to the services provided by a supplier on similar projects.

**17. REMEDIES.** In addition to the rights that the parties have at their disposal pursuant to the law, should there be any breach of the clauses, terms, or conditions of this Agreement, including those financial obligations arising from this Agreement, the other party may terminate the Agreement by providing written notice to the party that commits said breach. This notice shall describe the nature of the breach in detail. The party that receives the notice has five (5) days as of receipt of the notice to remedy the defect. If the defaulting parity fails to remedy the defect within the required timeframe, the Agreement shall be immediately cancelled.

[initials in left margin] [initials in left margin]  Page 6 of 8

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

General Counseling and Consulting Services Agreement

**18. COMPLETE AGREEMENT.** This Agreement contains the complete agreement between the parties. There is no other type of agreement, whether verbal or in writing, that amends or addresses the object of this Agreement. This Agreement annuls effect any other agreement, verbal or in writing, between the parties related to that covered by this Agreement.

**19. SEVERABILITY.** If any clause of this Agreement were to be ruled invalid for any reason, the remaining provisions of the Agreement shall remain effective and valid. If any court were to declare any clause of this Agreement invalid, but upon limiting its scope, the defect is remedied, then such clause shall be considered to be drafted as modified by the court.

**20. AMENDMENTS.** This Agreement may be modified or amended in writing, if the amendment or modification is signed by the party bound by said amendment. No person has the authority to amend this Agreement or the relationship existing between the parties verbally or by way of their actions. A written, signed, and duly dated agreement is required for any amendment to this Agreement. No amendment shall be valid until it has been accepted in writing by both parties.

**21. APPLICABLE LAW.** Any matter related to this Agreement shall be governed by the laws and regulations of the Commonwealth of Puerto Rico and any legal action shall be filed in the courts of the Commonwealth of Puerto Rico, Superior Court of San Juan.

**22. NOTICE.** Any notice required or permitted by this Agreement must be sent far enough in advance and sent in person or by standard mail with acknowledgement of receipt to the address stated in the initial paragraph of this Agreement or to any address provided by either of the parties in section 29 of this agreement.

**23. TRANSFER OF OBLIGATIONS.** Neither of the parties may assign or transfer this Agreement without the prior consent of the non-assigning party, whose approval shall not be unreasonably denied.

**24. OBLIGATIONS UPON TERMINATION OF THE AGREEMENT.** The obligations of this Agreement shall remain valid even after the term of such. Any omission

[initials in left margin] [initials in left margin]                                          Page 7 of 8

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

General Counseling and Consulting Services Agreement

(partially or fully) or delay on the part of either party to exercise any right, obligation, or privilege under this Agreement shall not be considered a waiver by said party of its right to require the fulfillment of the provisions of this Agreement.

**25. AUTHORITY OF THE PARTIES.** The parties represent and guarantee that the officer executing this Agreement on behalf of said party is authorized to do so and that, upon execution, this Agreement contains the agreements by and between the parties pursuant to their terms and conditions.

**26. ADDRESS FOR NOTICES.** The notices required under the terms of this Agreement shall be made in writing by certified mail or by fax to the following address:

**Hospital**   Attention: Yelitza Lucena Quiles
129 Carretera Km 0.1
Arecibo, Puerto Rico 00612

**Contractor**   Attention: Jamie Rivera Pesante
101 Avenida San Patricio
Suite 960 Maramar Plaza Building
Guaynabo, P.R. 00968

**27. NO REPRESENTATION BEYOND THE TEXT.** This Agreement comprises the complete, sole, and total agreement by and between the parties. Both parties expressly certify that they did not make any representations other than those stated in this agreement. This Agreement repeals any agreement previously executed for the same services.

IN WITNESS WHEREOF, the parties hereby accept this Agreement due to it being in accordance with that agreed and they bind themselves to its clauses and conditions, and for the record, they sign it on the date provided at the beginning of this Agreement.

In _____, Puerto Rico, on _____, _____.

| ___[signature]_____ | ___[signature]_____ |
|---|---|
| HOSPITAL | METRO PAVÍA HEALTH SYSTEM, INC. |
| Name: _Yelitza Lucena Quiles_ | |
| Title: _Associate Administrator_ | |
| Address: _Carr. 129 Km 0.1, Ave. San Luis_ | |
| _Arecibo, PR 00612_ | |

Page 8 of 8



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

**EXHIBIT 4**

CERTIFIED TRANSLATION

COMMONWEALTH OF PUERTO RICO
Department of Health

## DEPUTY SECRETARY FOR HEALTHCARE FACILITY REGULATION AND ACCREDITATION

Hereby grants this
LICENSE
TO
HOSPITAL PAVIA ARECIBO
of
Doctor Susoni Health Community Services, Inc.
To operate as
Hospital

INCLUDES NEONATAL INTENSIVE (16) BEDS AND MULTIDISCIPLINARY INTENSIVE SIXTEEN (16) BEDS

With a **230** bed capacity, at the site and building in which it is located on this date for a term of two years, subject to revocation pursuant to Act Number 101 of June 26, 1965, as amended and its Regulations.

Granted in San Juan, Puerto Rico, on June 22, 2016.

Lic. No.: 2     CNC NO. 14 – 118     Located at: Carr. 129, Ave. San Luis, Km. 0.7, Arecibo, PR

Valid: July 1, 2016 to June 30, 2018

[Signature]
RICARDO L. TORRES MUÑOZ, JD, MHSA
Acting Deputy Secretary

[Signature]
ANA C. RíUS ARMENDARIZ, MD
Secretary of Health

[Logo]
Commonwealth of Puerto Rico
Department of Health
Deputy Secretary for Healthcare Facility
Regulation and Accreditation



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

EXHIBIT 5

CERTIFIED TRANSLATION

**GOVERNMENT OF PUERTO RICO**
Department of Health

**DEPUTY SECRETARY FOR HEALTHCARE FACILITY REGULATION AND ACCREDITATION**

Hereby grants this

LICENSE

TO

HOSPITAL PAVIA ARECIBO

of

**Doctor Susoni Health Community Services, Inc.**

To operate as

HOSPITAL

INCLUDES NEONATAL INTENSIVE (16) BEDS AND MULTIDISCIPLINARY INTENSIVE SIXTEEN (16) BEDS

With a **230** bed capacity, at the site and building in which it is located on this date for a term of **2** year(s), subject to revocation pursuant to Act Number 101 of June 26, 1965, as amended and its Regulations.

Granted in San Juan, Puerto Rico, on August 8, 2018.

Valid: July 1, 2018 to June 30, 2020

Lic. No.: 2        CNC NO. 98 – 204, 14 – 118        Located at: Carr. 129, Ave. San Luis, Km. 0.7, Arecibo, PR

Verónica I. Núñez Marrero, Esq.
Deputy Secretary

Rafael Rodriguez Mercado, MD, FAANS, FACS
Secretary of Health

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

**EXHIBIT 6**

CERTIFIED TRANSLATION



COMMONWEALTH OF
PUERTO RICO
Department of Health

COMMONWEALTH OF PUERTO RICO
DEPUTY SECRETARY FOR HEALTH CARE FACILITY
REGULATION AND ACCREDITATION

**CERTIFICATE NO. 14-118**

CERTIFICATE OF CONVENIENCE
AND NECESSITY

**FACILITY NAME AND TYPE:**   Hospital Pavía Arecibo

**LOCATION:**   Carr. 129, Ave. San Luis, Km. 0.7, Arecibo, P.R.

**OWNER:**   Dr. Susoni Health Community Services, Inc.

**AUTHORIZED ACTION:**   Facility name is changed from "Hospital Dr. Cayetano Coll y Toste" to "Hospital Pavía Arecibo".

I certify that the action authorized herein will provide the necessary services for the population to be served and/or will not unduly affect existing services, contributing to the orderly and adequate development of healthcare services pursuant to **Article 3** of **Act 2 of November 7, 1975, as amended.**

By the authority vested in me under said Act, I hereby issue this Certificate, subject to the following conditions:

1. Should satisfactory progress fail to be demonstrated within 12 months of the date of issue, the Certificate will expire. Requests for reconsideration to alter what has been authorized or to extend the term of validity, will be considered in accordance with Administrative Regulations and healthcare plans in effect, at the time the same are filed, as applicable.

2. The Certificate may be revoked at any time, if it is demonstrated that the information provided by petitioner is incorrect.

[signature]

**ANA C. RÍUS ARMENDÁRIZ, MD**
SECRETARY OF HEALTH

October 2, 2014

[Logo]
Commonwealth of Puerto Rico
Department of Health
Deputy Secretary for Healthcare Facility
Regulation and Accreditation

[Initials]

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.