UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MR. SALVADOR HERRERA CRUZ<br>PLAINTIFF<br>V.<br>BIO-MEDICAL APPLICATIONS OF ARECIBO, INC.; FRESENIUS MEDICAL CARE HOLDINGS INC.; RB FUELING, LLC; MATHEW BARGO; DR. SUSONI HEALTH COMMUNITY CORP; METRO PAVIA HEALTH SYSTEM, INC.; UNIVERSAL GROUP, INC. DBA UNIVERSAL INSURANCE COMPANY; JOHN DOE AND RICHARD DOE; AND XYZ INSURANCE COMPANY<br>DEFENDANTS | CIVIL NO. 3:19-cv-01582 (MDM)<br><br>TORT; DAMAGES; PERSONAL INJURY;<br>DIVERSITY;<br>TRIAL BY JURY DEMANDED |

**PLAINTIFF'S OPPOSITION TO CO-DEFENDANT METRO PAVIA HEALTH SYSTEM INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

COMES NOW plaintiff MR. SALVADOR HERRERA CRUZ, through counsel, and most respectfully opposes to Co-Defendant Metro Pavia Health System Inc.'s Motion for Partial Summary Judgment, as follows:

(1) In the instant case, the Complaint alleges that Plaintiff fell from a defective fixed-ladder installed in the hospital premises owned by Dr. Susoni Health Community, Corp. (hereinafter Dr. Susoni). The fixed ladder is located on the "physical plant" area of the hospital.

(2) At the time of the accident, codefendant Metro Pavia Health System Inc. (hereinafter "Codefendant Metro Pavia") had entered into a **"General Counseling and Consulting Services Agreement"** (**EXHIBIT 1**) with Dr. Susoni, dated January 1, 2016. Pursuant to the terms in Clause 11 of the contract, Metro Pavia is supposed to give

1

advice and counseling to Dr. Susoni regarding "*Physical Plant and Maintenance*" of the hospital areas.

(3)     The fixed ladder that caused the accident is located in the physical plant area of the hospital (See Verified Declaration in EXHIBIT 2), for which Metro Pavia was supposed to provide counseling and advice to Dr. Susoni pursuant to their contract (EXHIBIT 1).

(4)     On 10/24/19 Metro Pavia filed a Motion for Summary Judgment at DKT 55, praying that all claims against it be dismissed.  Codefendant Metro Pavia's Motion for Summary Judgment argues that, despite its contract with Dr. Susoni to consult and advise upon physical plant, it is not liable for Plaintiff's accident.

(5)     There is an uncontroverted fact that Metro Pavia had in place at the time of the accident the aforementioned "General Counseling and Consulting Services Agreement" (**EXHIBIT 1**) with Codefendant Dr. Susoni, dated January 1, 2016, which in Clause 1 for description of services includes the area of "Physical Plant and Maintenance", and in Clause 11 expresses that: "METRO PAVÍA HEALTH SYSTEM shall provide consulting and counseling services, inter alia, in the area of "Physical Plant and Maintenance" where the fixed ladder that caused the accident is located.  See Plaintiff's Uncontroverted Statements of Fact attached.

(6)     Metro Pavia's Motion for Summary Judgment should be denied because there is clear controversy and triable issues of facts as to whether Codefendant Metro Pavia inspected the fixed ladder at issue, pursuant to its contractual duty to advise Dr. Susoni regarding "physical plant and maintenance" where the fixed ladder is located.

(7)     There is clear controversy and triable issues of facts as to whether Codefendant Metro Pavia failed to give the proper advice to Codefendant Dr. Susoni in the

area of physical plant and maintenance where the dangerous fixed ladder is located, specifically about the hazardous and unsafe conditions of the fixed ladder or its non-compliance with building codes and regulations.

(8)     The facts evidenced by Plaintiff herein in EXHIBIT 1 (contract) reveal that there is a contract in place between Codefendant Metro Pavia entered and codefendant Dr. Susoni, with a clear explicit clause, in which Codefendant Metro Pavia gives consultation and advisory of maintenance upon the "physical plant" where the fixed ladder at issue is located. (See Declaration in EXHIBIT 2) and Plaintiff's Uncontroverted Statements of Fact attached.

(9)     Therefore, codefendant Metro Pavia's Motion for Partial Summary Judgment shall be denied pursuant to Fed. R. Civ. P. 56(c)(1) and (2), because:

    a)   As the Plaintiff warrants in the Memorandum of Law, Statement of Disputed Facts, and attached EXHIBIT 1 (Contract), and Exhibt 2 (Declaration), there are genuine issues of material facts that require a jury trial to elucidate them, which prevents the court from ruling Summarily upon Metro Pavia's responsibility.

    b)   Discovery is pending upon Codefendant Metro Pavia to assess the extent and scope of its acts or omissions under the "General Counseling and Consulting Services Agreement" regarding the defective fixed-ladder that caused the accident and to the extent of the General Counseling and Consulting Service Agreement.

    c)   Discovery that has been propounded to Metro Pavia, that includes topics such as its contractual performance to advice and counsel codefendant Dr. Susoni on the physical plant area where the ladder is located, as well

as about the rules, protocols, advisory guidelines, manuals, policies or procedures for use at the physical plant, for implementation of the "General Counseling and Consulting Services Agreement" dated January 1, 2016, not limited to, the Fall Prevention Manuals, Safety Manuals and Risk Management Protocols together with a printed copy of your source or authority. Until Metro Pavia submits the documents requested by plaintiff and a Deposition be taken, the extent of Metro pavias responsibility under the contract cannot be ruled upon summarily.

(10)    Codefendant Metro Pavia's contention not only is predicated on unwarranted allegations that are disproved by the existence of its Contract's covenants to advise Dr. Susoni on physical plant and maintenance (EXHIBIT 1), but also states self-serving inferences or averments irrelevant to the allegations, which preclude its use to support its motion for summary judgment.

(11)    See attached the following documents in support of this Motion:

    a)    EXHIBIT 1 - "General Counseling and Consulting Services Agreement"

    b)    EXHIBIT 2- Statement under Penalty of perjury.

    c)    Memorandum of law in Support thereof,

    d)    Statement of Disputed and Undisputed material facts.

WHEREFORE, it is most respectfully requested that codefendant Metro Pavia's motion for summary judgment be denied and that discovery can continue, in consideration of Plaintiff's supporting documents attached herein with this Motion.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to

Defendants Counsel of Record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 13th day of December, 2019.

| Attorneys for Plaintiff: | |
|---|---|
| Charles Gomez Law Office, LLC<br>P.O. Box 1360<br>Trujillo Alto, P.R. 00977<br>Tel. (787)-662-0178<br>Fax. (787)-724-6780<br><br>s/ Francisco Charles Gomez<br>USDC-PR-303211<br>fcharleslaw@gmail.com | /S/ Jorge Cancio-Valdivia<br><br>Jorge Cancio-Valdivia<br>USDC-PR  302401<br>P.O. Box 367753<br>San Juan, P.R. 00936-7753<br>Tel. (787)549-9685<br>Fax. (787)751-5381<br>E-mail:  canciolaw@gmail.com |