UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MR. SALVADOR HERRERA CRUZ<br>PLAINTIFF<br>V.<br>BIO-MEDICAL APPLICATIONS OF ARECIBO, INC.; FRESENIUS MEDICAL CARE HOLDINGS INC.; RB FUELING, LLC; MATHEW BARGO; DR. SUSONI HEALTH COMMUNITY CORP; METRO PAVIA HEALTH SYSTEM, INC.; UNIVERSAL GROUP, INC. DBA UNIVERSAL INSURANCE COMPANY; JOHN DOE AND RICHARD DOE; AND XYZ INSURANCE COMPANY<br>DEFENDANTS | CIVIL NO. 3:19-cv-01582 (MDM)<br><br>TORT; DAMAGES; PERSONAL INJURY;<br>DIVERSITY;<br>TRIAL BY JURY DEMANDED |

**PLAINTIFF's STATEMENT OF DISPUTED AND UNDISPUTED MATERIAL FACTS**

TO THE HONORABLE COURT:

Pursuant to Local Rule 56 (c) plaintiff hereby submits his statement of material facts in opposition to defendant's motion for summary judgment:

**RESPONSE TO DEFENDANT'S STATEMENT OF
PURPORTEDLY UNCONTESTED MATERIAL FACTS**

(1) Plaintiff admits UNDISPUTED paragraph 1 of Defendant's Statement of Uncontested Material Facts.

(2) Plaintiff admits UNDISPUTED paragraph 2 of Defendant's Statement of Uncontested Material Facts.

(3) Plaintiff DENIES paragraph 3 of Defendant's Statement of Uncontested Material Facts, due to lack of information or belief as to the veracity of the self-serving statement made, and Plaintiff states that under Rule 56(d) of Federal Civil Procedure, facts are unavailable to Plaintiff due to lack of discovery

1

and he cannot present facts essential to justify its opposition, which warrants denial of the Motion for Summary Judgment.

(4)     Plaintiff admits UNDISPUTED paragraph 4 of Defendant's Statement of Uncontested Material Facts.

(5)     Plaintiff admits UNDISPUTED paragraph 5 of Defendant's Statement of Uncontested Material Facts.

(6)     Plaintiff DENIES paragraph 6 of Defendant's Statement of Uncontested Material Facts due to lack of information or belief as to the veracity of the statement made, and Plaintiff states that under Rule 56(d) of Federal Civil Procedure, Facts Are Unavailable to Plaintiff due to lack of discovery and he cannot present facts essential to justify its opposition, which warrants denial of the Motion for Summary Judgment.

(7)     Plaintiff DENIES paragraph 7 of Defendant's Statement of Uncontested Material Facts due to lack of information or belief as to the veracity of the statement made, and Plaintiff states that under Rule 56(d) of Federal Civil Procedure, Facts Are Unavailable to Plaintiff due to lack of discovery and he cannot present facts essential to justify its opposition, which warrants denial of the Motion for Summary Judgment. Plaintiff further states that the averment made by Codefendant is a question of fact that creates a controversy and requires discovery to determine the truth of whether Dr. Susoni (Arecibo Hospital), actually required or requested Metro Pavia an assessment regarding the fixed ladder.

(8)     Plaintiff DENIES paragraph 8 of Defendant's Statement of Uncontested Material Facts due to lack of information or belief as to the veracity of the statement made, and Plaintiff states that under Rule 56(d) of Federal Civil

Procedure, Facts Are Unavailable to Plaintiff due to lack of discovery and he cannot present facts essential to justify its opposition, which warrants denial of the Motion for Summary Judgment. Plaintiff further states that the averment made by Codefendant Metro Pavia is a question of fact that creates a controversy and requires discovery to determine the truth of whether Metro Pavia does not exercise any kind of influence over Dr. Susoni's decisions to keep premises without dangerous conditions within the scope of the contract of counseling and consulting about "physical plant and maintenance" conditions.

(9) Plaintiff admits UNDISPUTED paragraph 9 of Defendant's Statement of Uncontested Material Facts, and would clarify that the averment made is irrelevant to the liability of Codefendant Metro Pavia, as warranted by Clause 11 of the "*General Counseling and Consulting Services Agreement*" (EXHIBIT 1) with Dr. Susoni, dated January 1, 2016, whereas Metro Pavia is bound to give advice and counseling to Dr. Susoni regarding "Physical Plant and Maintenance" of the hospital area where the fixed ladder that caused the accident is located. Hence, Defendant's statement of fact does not support the Motion for Summary Judgment.

(10) Plaintiff PARTIALLY admits as UNDISPUTED portions of paragraph 10 of Defendant's Statement of Uncontested Material Facts to the extent of the averment that MPHS was not involved in the design and construction of the fixed ladder. Plaintiff DISPUTES however the averment that MPHS was not involved in the "inspection" of the fixed ladder, because of on the contractual obligation to consult and advice upon matters related to physical plant maintenance that would require inspection based on the contract (EXHIBIT 1). Plaintiff DENIES also such

3

Statement due to lack of information or belief as to its veracity under Rule 56(d) of Federal Civil Procedure, Facts Are Unavailable to Plaintiff due to lack of discovery and he cannot present facts essential to justify its opposition, which warrants denial of the Motion for Summary Judgment. Plaintiff further states that the averment made by Codefendant Metro Pavia is a question that creates a controversy of fact and requires discovery to determine whether Metro Pavia inspected the physical plant area where the fixed ladder is located and yet failed to counsel and advise Dr. Susoni hospital of the dangerous condition.

(11)   Plaintiff admits as UNDISPUTED paragraph 11 of Defendant's Statement of Uncontested Material Facts, and would clarify that the averment made is irrelevant to the liability of Codefendant Metro Pavia, as warranted by Clause 11 of the "General Counseling and Consulting Services Agreement" (EXHIBIT 1) with Dr. Susoni, dated January 1, 2016,  whereas Metro Pavia is bound to give advice and counseling to Dr. Susoni regarding "Physical Plant and Maintenance" where the fixed ladder is located. Hence, the averred statement of fact does not support the Motion for Summary Judgment.

(12)   Plaintiff partially admits as UNDISPUTED portions of paragraph 12 of Defendant's Statement of Uncontested Material Facts, and would clarify while Dr. Susoni is the owner, administrator and operator of the Pavia Arecibo Hospital and is held accountable for acts and omissions occurred at its premises, also Codefendant Metro Pavia is too held accountable, for being the consultant of the maintenance and safety of physical plant area of the hospital where the dangerous fixed ladder is located, as warranted by  Clause 11 of the "General Counseling and Consulting Services Agreement" (EXHIBIT 1) with Dr. Susoni, dated January 1, 2016,  whereas

Metro Pavia is bound to give advice and counseling to Dr. Susoni regarding "Physical Plant and Maintenance".

(13)    Plaintiff admits as UNDISPUTED paragraph 11 of Defendant's Statement of Uncontested Material Facts, and would clarify that the averment made is irrelevant to the liability of Codefendant Metro Pavia under the clause # 11 for maintenance counseling and consulting regarding "Physical Plant and Maintenance". Hence the statement does not support the Motion for Summary Judgment.

(14)    Plaintiff DENIES paragraph 14 of Defendant's Statement of Uncontested Material Facts Plaintiff and DISPUTES such statement because Under the "General Counseling and Consulting Services Agreement" (EXHIBIT 1) with Dr. Susoni, dated January 1, 2016, Metro Pavia had a contractual duty, as physical plant and maintenance consultant, to advise and warn Dr. Susoni's Hospital about the fixed-ladder's dangerous condition and lack of safety code-compliance.

(15)    Plaintiff DENIES paragraph 15 of Defendant's Statement of Uncontested Material Facts due to lack of information or belief as to the veracity of the self-serving statement made, and Plaintiff states that under Rule 56(d) of Federal Civil Procedure, Facts Are Unavailable to Plaintiff due to lack of discovery and he cannot present facts essential to justify its opposition, which warrants denial of the Motion for Summary Judgment.  Plaintiff DISPUTES the statement made by Codefendant Metro Pavia, inasmuch as it is a question that creates a controversy of fact and requires discovery to determine whether Metro Pavia is responsible or liable under the "General Counseling and Consulting Services

Agreement" (EXHIBIT 1) with Dr. Susoni, dated January 1, 2016, whereas Metro Pavia is contracted to give advice and counseling to Dr. Susoni regarding "Physical Plant and Maintenance" where the fixed ladder is located.

## UNDISPUTED MATERIAL FACTS SUPPORTED BY PLAINTIFF

Plaintiff submits the following statements of additional undisputed material facts which are supported by Plaintiff's attached documents.

1. It is alleged in the Complaint that on October 22, 2017, Plaintiff Mr. Herrera fell from a fixed-ladder while providing a service in the physical plant area of the Hospital. It is an undisputed fact that the ladder at issue is located in the facilities that Codefendant Dr. Susoni owns and/or operates, located at the Metro Pavia Hospital, in 129 Road, Km 1.0 San Luis Avenue, Arecibo, PR (See Verified declaration as EXHIBIT 2).

2. The fixed ladder at issue that caused the accident is located on the physical plant area of the hospital Pavia in Arecibo. (See Verified declaration as EXHIBIT 2).

3. On the date of the accident, Codefendant Metro Pavia was a party of a valid ***"General Counseling and Consulting Services Agreement***" dated January 1, 2016 (EXHIBIT 1) with Codefendant Dr. Susoni Health Community Corp., to provide consulting and counseling services, inter alia, for the area of "Physical Plant and Maintenance", where the fixed ladder is located. (see EXHIBIT 2).

4. ***The "General Counseling and Consulting Services Agreement***" states in Clause 1 (description of services rendered), that includes counseling upon the area of "Physical Plant and Maintenance", and in Clause 11 (CONSULTING) expresses that:

6

"METRO PAVÍA HEALTH SYSTEM shall provide consulting and counseling services on this and other areas.

5.   Under the "General Counseling and Consulting Services Agreement" Codefendant Metro Pavia had a contractual duty, as consultant of "physical plant and maintenance", to advise Dr. Susoni's Hospital about any dangerous conditions in the physical plant area (EXHIBIT 1) such as of the fixed-ladder at issue located there that caused the accident. (EXHIBIT 2).

RESPECTFULLY SUBMITTED.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Counsels of record.

In San Juan, Puerto Rico, this 13th day of December, 2019.

| Attorneys for Plaintiff: | |
|---|---|
| Charles Gomez Law Office, LLC<br>P.O. Box 1360<br>Trujillo Alto, P.R. 00977<br>Tel. (787)-662-0178<br>Fax. (787)-724-6780<br><br>s/ Francisco Charles Gomez<br>USDC-PR-303211<br>fcharleslaw@gmail.com | /S/ Jorge Cancio-Valdivia<br><br>Jorge Cancio-Valdivia<br>USDC-PR  302401<br>P.O. Box 367753<br>San Juan, P.R. 00936-7753<br>Tel. (787)549-9685<br>Fax. (787)751-5381<br>E-mail:  canciolaw@gmail.com |

7