**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MR. SALVADOR HERRERA CRUZ<br>PLAINTIFF<br>V.<br>BIO-MEDICAL APPLICATIONS OF ARECIBO, INC.; FRESENIUS MEDICAL CARE HOLDINGS INC.; RB FUELING, LLC; MATHEW BARGO; DR. SUSONI HEALTH COMMUNITY CORP; METRO PAVIA HEALTH SYSTEM, INC.; UNIVERSAL GROUP, INC. DBA UNIVERSAL INSURANCE COMPANY; JOHN DOE AND RICHARD DOE; AND XYZ INSURANCE COMPANY<br>DEFENDANTS | CIVIL NO. 3:19-cv-01582 (MDM)<br><br>TORT; DAMAGES; PERSONAL INJURY; DIVERSITY;<br>TRIAL BY JURY DEMANDED |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

COMES NOW plaintiff MR. SALVADOR HERRERA CRUZ, through counsel, and most respectfully submits this MEMORANDUM OF LAW in support of his Opposition to Co-Defendant Metro Pavia Health System Inc.'s Motion for Summary Judgment at DKT 55.

**I.   Unsupported Statements of Facts represented by Co-Defendant**

As a preamble, it is imperative to summarize Plaintiff's main allegations in the Complaint, in order to contrast them with co-defendant Metro Pavia's averments in its Motion for Partial Summary Judgment. This set of contradictory versions of facts between Plaintiff and Defendant yields the existence of material issues of fact for a jury trial, which prevents a Summary Judgment.

Plaintiff alleges in the Complaint that:

On October 22, 2017, Plaintiff visited the physical plant area of Metro Pavia Hospital in Arecibo (Allegation # 24) to perform a service to the diesel tanks of the hospital and that he was instructed to climb the metal fixed-ladder to gain access to the roof (Allegation # 27). That while Mr. Herrera was climbing up the metal fixed-ladder he could not step off safely onto the roof's top platform, lost balance, and fell off from the top to the concrete floor below (Allegation # 30). That the referred metal fixed ladder had no railing extension on top, so Mr. Herrera was unable to grab onto, or hold onto anything, after stepping off from the last rung of the ladder, which was also dangerously positioned (Allegation # 33). The lack of building code-compliance of the metal fixed-ladder attached to the wall of the building and that led to the diesel tank, is considered a hazardous condition, which was the direct cause of the accident suffered by Plaintiff (Allegation # 35). *That Metro Pavia Health provided several consulting and advisory services as a contractor for the maintenance and physical plant where the incident herein averred occurred (Allegation # 7). That Metro Pavia Health failed to maintain and/or advise and/or consult and/or provide services in a reasonable manner in Susoni Health's facility specifically, when they failed to warn, and/or provide independent services that would avoid the damages caused by the fixed ladder by violating the codes and regulations, creating by their acts and/or omissions a dangerous condition. (Allegation # 74).*

Plaintiff's allegations in the Complaint are hereby supported by:

1) Exhibit 1- "General Counseling and Consulting Services

2

Agreement" between Codefendant Metro Pavia and Dr. Susoni, dated January 1, 2016,

2) EXHIBIT 2- Verified Statement under Penalty of Perjury attached;

Codefendant Metro Pavia's STATEMENT OF UNCONTESTED FACTS at DKT 55-1, merely state conclusory allegations that are not supported with any factual evidence but are intended to be supported with only a self-serving declaration by Edgardo Guillen Marichal. Such self-serving declaration without any evidence to contradict the back letter of the aforesaid contract, does not support Defendant's motion. See SMS Sys. Maint. Servs., Inc. v. Digital Equip. Corp., 188 F.3d 11, 20 (1st Cir. 1999) (noting that conclusory, self-serving testimony need not be credited on summary judgment).

For example, Statement # 14 expresses that: "*Metro Pavia Health System Inc. is not responsible for any possible act or omission of Dr. Susoni Health Community Services Corp., who was the owner, administrator and operator of Pavia Arecibo Hospital for the date of the alleged events*". Statement 15 expresses that: "*MPHS is not responsible or liable for claims arising out of slip and falls or other accidents at Pavia Arecibo Hospital premises*. These are just unwarranted conclusory allegations, not facts, based only on a self-serving declaration without any foundation or facts to support it.

"*In order to be admissible, the proffered statements must be specific and adequately 'supported with particularized factual information*." Id. "*An affidavit is no place for ultimate facts and conclusions of law*". Maldonado v. Int'l Bus. Machs. Corp., 56 F.R.D. 452, 453 (D.P.R. 1972)

*When assessing the existence of genuine issues of material facts, a*

3

*court will disregard those portions of an affidavit that are inadmissible for lack of supported particularized factual information. See* Lee v. National Life Assur*., 632 F.2d 524 (5th Cir. 1980). "Indeed, failure to properly support statements in an affidavit has resulted in summary judgment against the party so failing".* Quinones v. Buick*, 436 F.3d 284, 290-91 (1st Cir. 2006) (citing* Cadle Co. v. Hayes*, 116 F.3d 957, 961 & n.5 (1st Cir. 1997)).*

Co-defendant Metro Pavia fails to provide any evidence in its Motion for Summary Judgment to rebut Plaintiff's allegations in the Complaint regarding Metro Pavia's responsibility as advisor under its contract, but moreover, fails to contradict **the letter of the "General Counseling and Consulting Services Agreement" (EXHIBIT 1) dated January 1, 2016, which in Clause 1 for description of services includes the area of "Physical Plant and Maintenance", and in Clause 11 expresses that: "METRO PAVÍA HEALTH SYSTEM shall provide consulting and counseling services, inter alia, in the area of "Physical Plant and Maintenance", where the fixed ladder that caused the accident is located**.

The First Circuit Court of Appeals has also expressed that: "*In reviewing a Motion for Summary Judgment, although the Court reviews the facts in a manner as favorable to the movant, a court should be, "keenly aware that cannot accept conclusory allegations, improbable inferences, and unsupported speculation*." Medina-Rivera v. MVM, Inc*.*, 713 F.3d 132, 134 (1st Cir. 2013). Moreover, "Rules of Civil Procedure incorporate the "anti-ferret rule" requirements, whereby the moving party must substantiate its allegations with evidence". Praico v. Rivera, 603 F.3d 125 (1st Cir. 2010).

4

### II. *Codefendant Metro Pavia's Statements of fact rise controversies and triable issues*

Metro Pavia's motion for summary judgment also must be denied not only because the Verified Declaration by Edgardo Guillen Marichal avers conclusory allegations, but it also elicits triable issues of fact. For example, Defendant's Statement # 7 expresses that "*Pavia Arecibo Hospital never required or requested MPHS an assessment regarding the fixed ladder*". That is a question for discovery, but for the sake of argument, even if the Hospital (Dr. Susoni) never requested from Metro Pavia an assessment of the fixed ladder, a controversy arises of whether Metro Pavia should have address this issue, regardless of Dr. Susoni's failure to request to assess the issue. Such stated fact is irrelevant if its duty under the contract was to address this issue. In light of Metro Pavia's contractual covenant to consult and advise to Dr. Susoni regarding the physical plant maintenance, defendants statement avers conclusory allegations that elicits triable issues of facts that balance toward the denial of Metro Pavia's motion for summary judgment.

The Federal Supreme Court has stated that: "*At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial*"…"*credibility determinations are jury functions whether the judge is ruling on a motion for summary judgment or for a directed verdict*". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "*The evidence of the nonmovant is to be believed, and all justifiable inferences are*

5

*to be drawn in his favor…disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"* Id. "Summary judgment is to be granted only "where it is quite clear what the truth is." Poller v Columbia Broadcasting Sys., Inc., 368 U.S. 464, 467 (1962) (quoting Sartor v Arkansas Natural Gas Corp., 321 U.S. 620, 627 (1944)).

Since the letter of the Contract itself disproves Defendant's contention in the instant case, the Motion for Summary Judgment should be denied due to the controversy of what the truth really is, which should be left for the jury to decide. "*The mere existence of a scintilla of evidence' in favor of the nonmoving party is insufficient to defeat summary judgment*," Barreto-Rosa v. Varona-Mendez, 470 F.3d 42, 45 (1st Cir. 2006).

In sum, a genuine issue of material facts exists, because under the **"General Counseling and Consulting Services Agreement" (EXHIBIT 1),** Codefendant Metro Pavia had duty, as consultant on the maintenance of the hospital's physical plant, to counsel and warn Dr. Susoni's Hospital about the fixed-ladder's dangerous condition and lack of safety code-compliance.

### III. **Discovery has not concluded, which warrants denial of Summary judgment at this stage**

When properly invoked, Rule 56(f) allows a party opposing summary judgment additional time to finish discovery on matters related to the motion, before the Court rules on the motion. See Resolution Trust Corp. v. North Bridge Associates, Inc., 22 F.3d 1198, 1203 (1st Cir. 1994); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996); Dow v. United Bhd. of Carpenters, 1 F.3d

6

56, 61 (1st Cir. 1993).

There is clear controversy of facts that require discovery in the instant case, as to the consulting endeavors performed by Codefendant Metro Pavia under the contract clause of the "General Counseling and Consulting Services Agreement" (EXHIBIT 1) dated January 1, 2016, to warn Dr. Susoni hospital of any dangerous conditions at the physical plant facilities (including the fixed ladder's non-compliance with building codes and regulations).  Clause 1 for description of services includes the area of "Physical Plant and Maintenance", and in Clause 11 expresses that: "METRO PAVÍA HEALTH SYSTEM shall provide consulting and counseling services, inter alia, in the area of "Physical Plant and Maintenance", where the fixed ladder that caused the accident is located.

There are clear controversies of facts that require discovery as to whether Codefendant Metro Pavia met its contractual obligation to advise and warn Codefendant Dr. Susoni Hospital of the existing dangerous condition of the fixed-ladder, or was it negligent by not inspecting the physical plant premises and not advising of a dangerous condition in the physical plant of the hospital.

Before the Court can consider Summary Judgment, the non-movant party should be able to conclude the discovery to confront the evidence presented by the movant.  *When opposing to summary judgment on the basis of lack of discovery, the First Circuit Court has expressed that undisclosed facts can be secured by further discovery, and that, if obtained, the new evidence can create a trial worthy issue.* See Mattoon v. City of Pittsfield, 980 F.2d 1, 7-8 (1st Cir. 1992); See also Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988).

When opposing to summary judgment on the basis of lack of evidence,

7

the First Circuit Court has expressed that "undisclosed facts can be secured by further discovery, and that, if obtained, the new evidence can create a trial worthy issue". See Mattoon v. City of Pittsfield, 980 F.2d 1, 7-8 (1st Cir. 1992); See also Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988).

Pursuant to the Rule 56(f), supra, Defendant is clearly NOT entitled to judgment as a matter of law at this time, because Plaintiff has not concluded its discovery, being a specific and warranted justification for its inability to present additional controversial facts in his opposition, which constitute legal grounds to deny summary judgment. It is black letter law that summary judgment is appropriate only after the non-moving party has enjoyed adequate discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986).

## IV. Standard for Summary Judgment

The function of summary judgment is not to resolve fact disputes, but rather to determine whether a party's proof, if believed, could support a finding for that party at trial. Thus, the court must accept all of the nonmoving party's properly supported assertions as true for purposes of denying summary judgment and give the nonmoving party the benefit of all reasonable inferences from those assertions. See Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 255 (1986); McLaughlin v Liu, 849 F.2d 1205, 1208 (9th Cir. 1988) (noting that party opposing summary judgment "*is clearly entitled under Anderson*" to have his affidavit "taken as true" to determine whether there is a genuine issue of material fact); *"[p]laintiff's allegations as to the accident must be taken as true, even if in conflict with those of the moving party*." Bushman v Halm, 798 F.2d651, 656 (3d Cir. 1986); Eisenberg v Ins. Co. of N. Am.,

8

815 F.2d 1285, 1289 (9th Cir. 1987) (stating that "*the non-moving party's evidence is to be taken as true*").

Differing versions of fact justify a trial on the merits. The evidence must at all times be viewed in the light most favorable to the nonmovant, and all doubts and reasonable inferences must be resolved in the nonmovant's favor. Rogen v. Ilikon Corp., 361 F.2d 260, 266 (1st Cir. 1966). Moreover, a court may not weigh the evidence; summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails…" Greenburg v. Puerto Rico Maritime Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). If the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the nonmovant. Casas Office Machs. v. Mita Copystar Am., 42 F.3d 668, 684 (1st Cir. 1994).

Summary judgment should be granted only where the court, viewing the evidence in the light most favorable to the non-moving party, determines that no genuine dispute of material fact exists. See Fed. R. Civ. P. 56. Summary judgment is appropriate only when the moving party shows (1) that there is no genuine dispute as to any material fact, and (2) that it is entitled to judgment as a matter of law. *Rule 56 (a), Fed. R. Civ. P.*

A dispute is genuine if it "may reasonably be resolved in favor of either party." Cadle Co. v. Hayes*,* 116F. 3d 957, 960 (1st Cir. 1997). Facts are "material" if they possess "the capacity to sway the outcome of litigation under the applicable law". *Id.*

V. **Conclusion**

In the present case, Co-defendant Metro Pavia has presented a self-

9

supporting Declaration that does not support Summary Judgment, nor offers undisputed statements that would discourage a discovery to ascertain the extent of Metro Pavia's liability under the Advisory Contract.

Therefore, considering the unknown facts and existing controversies regarding the extent of Metro Pavia's responsibility under the "General Counseling and Consulting Services Agreement" (EXHIBIT 1), it would require a trial on the merits for the jury to decide this case, or at least the conclusion of discovery. Motion for Summary Judgment cannot be granted because there is genuine dispute as to essential material facts about the role of Metro Pavia to keep the physical plant area where the fixed ladder is located, free of dangerous conditions.

**WHEREFORE**, it is most respectfully requested that the instant Memorandum of Law be considered in support of Plaintiff's Opposition to Partial Summary Judgment and that Codefendant Metro Pavia's Motion for summary judgment be DENIED.

**RESPECTFULLY SUBMITTED**.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Counsels of record.

In San Juan, Puerto Rico, this 13th day of December, 2019.

| Attorneys for Plaintiff: | |
|---|---|
| Charles Gomez Law Office, LLC<br>P.O. Box 1360<br>Trujillo Alto, P.R. 00977<br>Tel. (787)-662-0178<br>Fax. (787)-724-6780<br><br>s/ Francisco Charles Gomez<br>USDC-PR-303211<br>fcharleslaw@gmail.com | /S/ Jorge Cancio-Valdivia<br><br>Jorge Cancio-Valdivia<br>USDC-PR  302401<br>P.O. Box 367753<br>San Juan, P.R. 00936-7753<br>Tel. (787)549-9685<br>Fax. (787)751-5381<br>E-mail:  canciolaw@gmail.com |