## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF PUERTO RICO

| | |
|---|---|
| MR. SALVADOR HERRERA CRUZ<br>Plaintiff,<br><br>Vs.<br><br>BIO-MEDICAL APPLICATIONS OF ARECIBO, INC.; FRESENIUS MEDICAL CRE HOLDINGS, INC.; RB FUELING LIMITED, LLC.; MATHEW BARGO; DR. SUSONI HEALTH COMMUNITY CORP.; METRO PAVIA HEALTH SYSTEM, INC.; UNIVERSL GROUP INC.DBA UNIVERSAL INSURANCE COMPANY; JOHN DOE AND RICHARD DOE; AND XYZ INSURANCE COMPANY<br>Defendants | Civil No. 3:19-CV-01582 (PAD)<br><br>Tort; Damages; Personal Injury;<br>Diversity;<br>Trial by Jury Demanded |

### METRO PAVIA HEALTH SYSTEM REPLY TO PLAINTIFF´S OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT

TO THE HONORABLE COURT:

**COMES NOW** Defendant, Metro Pavia Health System, Inc.("MPHS") through their undersigned attorney, and respectfully submits its Reply to Plaintiff's Opposition to MPHS Summary Judgement:

### I.   Introduction

On December 13, 2019, the Plaintiff filed a motion entitled ¨Plaintiff Opposition to Codefendant Metro Pavia Health Systems Inc. motion for partial Summary Judgement ¨ (DKT 63). Plaintiffs' Opposition to Co Defendants' Motion for Summary Judgment seeks to distract this Court from the dispositive admissions contained in their Response to Defendants' Statement of

1

Undisputed Facts in Support of Defendants' Motion for Summary Judgment. Defendants submit this Reply in support of its Motion for Summary Judgment (DKT 55) to address the Opposition's errors, and to focus this Court on the undisputed material facts which support entry of summary judgment for Defendant.

## II. Plaintiff does not dispute Material Facts Underlying MPHS´s Partial Summary Judgement Motion

Summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." Ayala-Gerena v. Bristol Myers-Squibb Co., 85 F.3d 86, 95 (1st Cir. 1996). "*Conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative*" will not defeat a summary judgment motion that complies with Local Rule 56 and Fed. R. Civ. P. 56. Rogan v. City of Boston, 267 F. 3d 24, 27(1st Cir. 2001).

It is therefore necessary that "a party opposing summary judgment must 'present definite, competent evidence to rebut the motion." Maldonado–Denis v. Castillo–Rodriguez, 23 F.3d 576, 581 (1st Cir.1994). Otherwise, summary judgment is appropriate if the non-moving party's case rests merely upon "conclusory allegations, improbable references, and unsupported speculation." Forestier Fradera v. Municipality of Mayagüez, 440 F.3d 17, 21 (1st Cir.2006). "[B]rash conjectures coupled with earnest hope that something concrete will eventually materialize, is insufficient to block summary judgement." Dow v. United Brotherhood of Carpenters, 1 F.3d 56, 58 (1st Cir.1993).

Perhaps the most remarkable aspect of Plaintiffs opposition is the fact that it does not dispute significant material aspects of MPHS Summary Judgement motion, such as: (i) Plaintiff admits that "*The nature of the contract is one of advisory, it is firmly established that the contract does not constitute a delegation of Pavia Arecibo Hospital functions to Metro Pavia Health System.*

2

[SUF 5] (ii) *Dr. Susoni Health Community Services Corp. is responsible for the operating cost, rights and obligations relating to its operations.* [SUF 9] (iii) *Dr. Susoni Health Community Services Corp. is and was the corporation that owned, administered and operated the Pavia Arecibo Hospital for the date of the alleged facts.* [SUF 11] (iv) *MPHS and Dr. Susoni Health Community Services Corp. and MPHS are independent and separate legal entities, the exclusive owner and operator of Pavia Arecibo Hospital is Dr. Susoni Heatlh Community Service Corp.* [SUF 13]; (v*) Metro Pavia Health System Inc., is a corporation that provides consulting and advisory services in several areas such as: human resources, marketing, finance, public relations, physical plant, contracts, information system and medical utilization*.; (vi) *MPHS is not and was not involved, in any way in the design and construction of Pavia Arecibo fixed ladder*. [SUF 10, PLAINTIFF 10]

For the remaining SUF Plaintiff fails to satisfy its obligation under Rule 56 of Federal Rules of Civil Procedure to counter MPHS properly supported factual statements, without presenting any evidence and using speculative argument and conclusory allegations.

### III.     Plaintiff Failed to Demonstrate the Existence of Genuine Issues of Material Facts

In his Opposition, Plaintiff alleges that there is a genuine issue of material facts, because under the ¨General Counseling and Consulting Service Agreement¨, MPHS has a duty as consultant on the maintenance of hospital´s physical plant, to counsel and warn Dr. Susoni´s Hospital about the fixed ladder dangerous conditions and lack of safety code-compliance. See: Plaintiffs Opposition to Co-Defendant Metro Pavia Health System Motion for Partial Judgement, p. 2-3 [DKT 63]

But Plaintiffs have failed to demonstrate that MPHS s had such a duty either "(1) by a statute, regulation, ordinance, by law, or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care

particular to the situation." De–Jesus– Adorno, v. Browning Ferris Industries of Puerto Rico, Inc., 160 F.3d 839, 842 (1st Cir. 1998).

Plaintiff Opposition is littered with factual inaccuracies. For example, mischaracterizes the General Counseling and Consulting Service Agreement clauses and ignores the full letter and clauses of the service agreement. In its argument Plaintiff add and infers obligations that are not part of the agreement, as well as omits to recognize the agreement clauses that expressly defines the business relationship between MPHS and Pavia Arecibo Hospital. Under Puerto Rico's Civil Code, where contract terms are "clear and leave no doubt as to the intention of the contracting parties," the literal meaning of a contract must be followed, unless that language appears to contradict the parties' true intention. See 31 L.P.R.A. § 3471 (1990).

The General Counseling and Consulting Service Agreement establishes that: MPHS does not exercise any kind of control over Dr. Susoni Health Community Corp. D/B/A Pavia Arecibo Hospital decisions regarding Physical Plant or any other aspect in which counseling or consulting is provided; Metro Pavia Health System shall provide consulting and counseling services, wherefore it shall remain at the full discretion of the Hospital to fully or partially accept or reject the recommendations received by virtue of the Agreement; The nature of the contract is one of advisory, it is firmly established that the contract does not constitute a delegation of Pavia Arecibo Hospital functions to Metro Pavia Health System. [Exhibit 3 of MPHS Summary Judgement: General Counseling and Consulting Services Agreement, page.5 and 8] It follows from the above that Dr. Susoni and Community as the owner, operator and administrator is the corporation with full control over the operation of the Hospital and responsible for the condition of its premises. The fact of the existence of the Counseling and Consulting Service Agreement is insufficient to impose liability upon MPHS.

There is no controversy regarding that MPHS is an independent contractor with a Consulting and Advisory Agreement with Dr. Susoni Health Community Services. That fact does not meet the burden to establish a Damages cause of action. Is an uncontested fact that MPHS was not involved, in any way in the design, construction, or inspection of Pavia Arecibo Hospital fixed ladder. [MPHS SUF 10] and Pavia Arecibo Hospital never required or request MPHS an assessment regarding the fixed ladder. [MPHS SUF 7] MPHS is not responsible for the operations, administration or obligations of Dr. Susoni Health Community Services. Therefore, as a matter of law MPHS is not jointly and severally liable for the liability or negligence of other codefendants.

## IV. Conclusion

Insofar as Plaintiffs lack evidence to establish the necessary elements of (i) negligent omission and (ii) causal relation as to MPHS, both required under Puerto Rico's general tort statute, the Court should summarily dismiss all claims against MPHS.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 13 day of January of 2020.

s/ Krystel Sáez Merced
USDC-PR No. 304412
E-mail ksaez@metropaviahealth.com

**Metro Pavia Health System, Inc.**
Legal Department
PO Box 3180
Carolina, PR 00984
Telephone: 787.625.8763
Facsimile: 787.625.8543

5