**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF PUERTO RICO**

| | |
|---|---|
| MR. SALVADOR HERRERA CRUZ<br>Plaintiff,<br><br>Vs.<br><br>BIO-MEDICAL APPLICATIONS OF ARECIBO, INC.; FRESENIUS MEDICAL CRE HOLDINGS, INC.; RB FUELING LIMITED, LLC.; MATHEW BARGO; DR. SUSONI HEALTH COMMUNITY CORP.; METRO PAVIA HEALTH SYSTEM, INC.; UNIVERSL GROUP INC.DBA UNIVERSAL INSURANCE COMPANY; JOHN DOE AND RICHARD DOE; AND XYZ INSURANCE COMPANY<br>Defendants | Civil No. 3:19-CV-01582 (PAD)<br><br>Tort; Damages; Personal Injury;<br>Diversity;<br>Trial by Jury Demanded |

**METRO PAVIA HEALTH SYSTEM OPPOSITION TO PLAINTIFF'S STATEMENTS IN DOCKET 63-1**

**TO THE HONORABLE COURT:**

    **COMES NOW** Defendan**t** Metro Pavia Health System, Inc. ("MPHS"), through their undersigned attorney, and respectfully presents its Opposition to Statement of Uncontested Facts ("OSUF") and Opposition to Plaintiff´s Statement of Additional Facts (¨SAF¨) in support of its motion for summary judgement:

    I.    **Opposition to Plaintiff´s OSUF**

1. **MPHS SUF 1:** On November 9, 2011, Metro Pavia Health System Inc., was organized and registered as a corporation in the Department of State of the Commonwealth of Puerto Rico. [Exhibit I: Certificate of Registry, Department of State of the Commonwealth of Puerto Rico, page 1]

    **Plaintiff's OSUF:** Plaintiff admits Undisputed paragraph 1 of Defendant's Statement of Uncontested Material Facts.

1

    **Reasons the SUF is uncontested:** Plaintiffs' OSUF #1 does not raise any controversies as to SUF #1, thus it is admitted.

2. **MPHS SUF 2:** Metro Pavia Health System Inc. is a corporation that provides consulting and advisory services in several areas such as: human resources, marketing, finance, public relations, physical plant, contracts, information system and medical utilization. [Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶2, page 2] [Exhibit 3: General Counseling and Consulting Services Agreement, ¶1, page.5]

    **Plaintiff's OSUF:** Plaintiff admits Undisputed paragraph 2 of Defendant's Statement of Uncontested Material Facts.

    **Reasons the SUF is uncontested:** Plaintiffs' OSUF #2 does not raise any controversies as to SUF #2, thus it is admitted.

3. **MPHS SUF 3:** MPHS, does not have a license and has never been licensed to operate health services facilities, as provided for in Law 101 of June 26, 1965, as amended. [Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶3, page 2]

    **Plaintiff's OSUF:** Plaintiff DENIES paragraph 3 of Defendant's Statement of Uncontested Material Facts, due to lack of information or belief as to the veracity of the self-serving statement made, and Plaintiff states that under Rule 56(d) of Federal Civil Procedure, facts are unavailable to Plaintiff due to lack of discovery and he cannot present facts essential to justify its opposition, which warrants denial of the Motion for Summary Judgment.

    **Reasons the SUF is uncontested:** OSUF#3 does not controvert SUF#3 in any meaningful way. Plaintiff denial is based on Plaintiffs alleged lack of personal knowledge. The Declaration Under Perjury of Ian Guillen Marichal, as Chief Financial Officer of MPHS, provides specific information based upon his personal knowledge regarding that MPHS, does not have a license and has never been licensed to operate health services facilities, as provided for in Law 101 of June 26, 1965, as amended.  A "party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 961 n. 5 (1st Cir.1997), citing Nereida–González v. Tirado–Delgado, 990 F.2d 701, 706 (1st Cir.1993). Lastly, License to Hospital Pavia Arecibo of Doctor Susoni Health Community Service Inc. to operate as a health service facility, hospital, was attached in the Summary Judgement. [Exhibit 4 of MPHS Summary Judgement- License Number 2, pursuant to Act 101 June 26,1965 as amended, Department of Health, Valid July 1,2016 to June 30, 2018, page 12] The license demonstrates that Doctor Susoni Health Community Service Inc., is the corporation with a license to operate Pavia Arecibo Hospital as provided for in Law 101 of June 26, 1965 as amended.

4. **MPHS SUF 4:** On January 1, 2016, MPHS as an independent contractor, subscribed a Consulting and Advisory services agreement with Dr. Susoni Health Community Services d/b/a Hospital Pavia Arecibo. The term of the agreement is five years. [Exhibit 2: Unsworn

Declaration Under Penalty of Perjury, ¶4, page 2] [Exhibit 3: General Counseling and Consulting Services Agreement, ¶1, page.4 and ¶3 page 5]

**Plaintiff's OSUF:** Plaintiff admits UNDISPUTED paragraph 4 of Defendant's Statement of Uncontested Material Facts

**Reasons the SUF 4 is uncontested:** Plaintiffs' OSUF #4 does not raise any controversies as to SUF #4, thus it is admitted.

5. **MPHS SUF 5:** The nature of the contract is one of advisory, it is firmly established that the contract does not constitute a delegation of Pavia Arecibo Hospital functions to Metro Pavia Health System. [Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶1, page 3] [Exhibit 3: General Counseling and Consulting Services Agreement, ¶1, page 5]

    **Plaintiff's OSUF:** Plaintiff admits UNDISPUTED paragraph 5 of Defendant's Statement of Uncontested Material Facts.

    **Reasons the SUF 5 is uncontested:** Plaintiffs' OSUF #5 does not raise any controversies as to SUF #5, thus it is admitted

6. **MPHS SUF 6:** Metro Pavia Health System shall provide consulting and counseling services, wherefore it shall remain at the full discretion of the Hospital to fully or partially accept or reject the recommendations received by virtue of the Agreement. [Exhibit 3: General Counseling and Consulting Services Agreement, ¶1, page.8]

    **Plaintiff's OSUF:** Plaintiff DENIES paragraph 6 of Defendant's Statement of Uncontested Material Facts due to lack of information or belief as to the veracity of the statement made, and Plaintiff states that under Rule 56(d) of Federal Civil Procedure, Facts Are Unavailable to Plaintiff due to lack of discovery and he cannot present facts essential to justify its opposition, which warrants denial of the Motion for Summary Judgment.

    **Reasons the SUF 6 is uncontested:** OSUF#6 does not controvert SUF#6 in any meaningful way. Plaintiff denies the SUF 6 due to an alleged lack of information or belief as the veracity of the statement made. It is well known that a party shall not deny facts which they know, or which may be easily verified. Plaintiff fails to dispute this uncontested fact, that arises directly from the General Counseling and Consulting Service Agreement, the clear letter of the Agreement that govern the services provided, explicitly establishes:

    ¨ 11. Consulting. The parties expressly agree that the nature of this agreement is one of consulting and counseling. Metro Pavia Health System shall provide consulting and counseling services, wherefore it shall remain at the full discretion of the HOSPITAL to fully or partially accept or reject the recommendations received by virtue of this Agreement. ¨ See Exhibit 3 of Motion to Summary Judgement, General Counseling and Consulting Service Agreement, Clause 11,page 5; See Exhibit 2 of Plaintiff Opposition.

¨The Hospital shall have the authority to accept or reject the recommendations of Metro Pavia Health System. ¨ See Exhibit 3 of Motion to Summary Judgement, General Counseling and Consulting Service Agreement, page 2; See Exhibit 2 of Plaintiff Opposition.

7. **MPHS SUF 7:** Pavia Arecibo Hospital never required or requested MPHS an assessment regarding the fixed ladder. [Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶4, page 3]

    **Plaintiff's OSUF:** Plaintiff DENIES paragraph 7 of Defendant's Statement of Uncontested Material Facts due to lack of information or belief as to the veracity of the statement made, and Plaintiff states that under Rule 56(d) of Federal Civil Procedure, Facts Are Unavailable to Plaintiff due to lack of discovery and he cannot present facts essential to justify its opposition, which warrants denial of the Motion for Summary Judgment. Plaintiff further states that the averment made by Codefendant is a question of fact that creates a controversy and requires discovery to determine the truth of whether Dr. Susoni (Arecibo Hospital), actually required or requested Metro Pavia an assessment regarding the fixed ladder.

    **Reasons the SUF 7 is uncontested:** OSUF#7 does not controvert SUF#7 in any meaningful way. Plaintiff denies the paragraph based on lack of information, and because the averment creates a controversy that requires discovery to determine whether Dr. Susoni required or requested MPHS assessment regarding the fixed ladder. Plaintiff denial is based on improbable references, and unsupported speculation. The Declaration Under Perjury of Ian Guillen Marichal, as Chief Financial Officer of MPHS, provides specific information based upon his personal knowledge. A "party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 961 n. 5 (1st Cir.1997), citing Nereida–González v. Tirado–Delgado, 990 F.2d 701, 706 (1st Cir.1993).

8. **MPHS SUF 8:** MPHS does not exercise any kind of control over Dr. Susoni Health Community Corp. DBA Pavia Arecibo Hospital decisions regarding Physical Plant or any other aspect in which counseling or consulting is provided. [Exhibit 3: General Counseling and Consulting Services Agreement, ¶1, page.8]

    **Plaintiff's OSUF:** Plaintiff DENIES paragraph 8 of Defendant's Statement of Uncontested Material Facts due to lack of information or belief as to the veracity of the statement made, and Plaintiff states that under Rule 56(d) of Federal Civil Procedure, Facts Are Unavailable to Plaintiff due to lack of discovery and he cannot present facts essential to justify its opposition, which warrants denial of the Motion for Summary Judgment. Plaintiff further states that the averment made by Codefendant Metro Pavia is a question of fact that creates a controversy and requires discovery to determine the truth of whether Metro Pavia does not exercise any kind of influence over Dr. Susoni's decisions to keep premises without

4

dangerous conditions within the scope of the contract of counseling and consulting about "physical plant and maintenance" conditions.

**Reasons the SUF 8 is uncontested:** OSUF#8 does not controvert SUF# 8 in any meaningful way. Once again, Plaintiff denies Statement of Fact # 8, due to an alleged lack of information or belief as the veracity of the statement made. It is well known that a party shall not deny facts which they know, or which may be easily verified. Plaintiff fails to dispute this uncontested fact, that arises directly from the General Counseling and Consulting Service Agreement, the clear letter of the Agreement that govern the services provided, explicitly establishes:

> ¨11. …Nothing in this agreement should be interpreted as a control on the part of Metro Pavia Health System with relation to the affairs regarding the operational counseling, human resources and labor relations, physical plant and maintenance, finance, legal advice and representation, medical utilization, purchasing, compliance, hiring, marketing, public relations, legal services, information systems or risk management or any other aspect regarding which counseling or consulting is provided." See Exhibit 3 of Motion to Summary Judgement, General Counseling and Consulting Service Agreement, page 2; See Exhibit 2 of Plaintiff Opposition.

9. **MPHS SUF 9:** Dr. Susoni Health Community Services Corp. is responsible for the operating cost, rights and obligations relating to its operations. [Exhibit 3: General Counseling and Consulting Services Agreement, ¶5, page 7]

   **Plaintiff's OSUF:** Plaintiff admits UNDISPUTED paragraph 9 of Defendant's Statement of Uncontested Material Facts, and would clarify that the averment made is irrelevant to the liability of Codefendant Metro Pavia, as warranted by Clause 11 of the "General Counseling and Consulting Services Agreement" (EXHIBIT 1) with Dr. Susoni, dated January 1, 2016, whereas Metro Pavia is bound to give advice and counseling to Dr. Susoni regarding "Physical Plant and Maintenance" of the hospital area where the fixed ladder that caused the accident is located. Hence, Defendant's statement of fact does not support the Motion for Summary Judgment.

   **Reasons the SUF 9 is uncontested:** Plaintiffs' OSUF #9 does not raise any controversies as to SUF #9, thus it is admitted. The SUF is relevant as to it established that Dr. Susoni Health Community Service Corp is the corporation responsible for the obligations regarding its operations. Moreover, in his answer Plaintiff mischaracterized the letter of the clause 11 of the General Counseling and Consulting Services Agreement. Clause 11 establishes:

   > *"11. CONSULTING. The parties expressly agree that the nature of this agreement is one of consulting and counseling. METRO PAVÍA HEALTH SYSTEM shall provide consulting and counseling services, wherefore it shall remain at the full discretion of the HOSPITAL to fully or partially accept or reject the recommendations received by virtue of this Agreement. It is expressly agreed that for all pertinent legal purposes, they are distinct, different corporations with their won legal personhood. Nothing in this*

5

*agreement should be interpreted as a control on the part of METRO PAVÍA HEALTH SYSTEM with relation to the affairs regarding the operational counseling, human resources and labor relations, physical plant and maintenance, finances, legal advice and representation, medical utilization, purchasing, compliance, hiring, marketing, public relations, legal services, information systems, or risk management, or any other aspect regarding which counseling or consulting is provided. This Agreement seeks to regulate the relationship between both parties and does not grant any rights to third parties, that are not appearing parties herein."* [Exhibit 3 of MPHS Summary Judgement: General Counseling and Consulting Services Agreement, clause 11, page.5]

10. **MPHS SUF 10:** MPHS is not and was not involved, in any way in the design, construction, or inspection of Pavia Arecibo fixed ladder. [Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶3, page 3]

    **Plaintiff's OSUF:** Plaintiff PARTIALLY admits as UNDISPUTED portions of paragraph 10 of Defendant's Statement of Uncontested Material Facts to the extent of the averment that MPHS was not involved in the design and construction of the fixed ladder. Plaintiff DISPUTES however the averment that MPHS was not involved in the "inspection" of the fixed ladder, because of on the contractual obligation to consult and advice upon matters related to physical plant maintenance that would require inspection based on the contract (EXHIBIT 1). Plaintiff DENIES also such Statement due to lack of information or belief as to its veracity under Rule 56(d) of Federal Civil Procedure, Facts Are Unavailable to Plaintiff due to lack of discovery and he cannot present facts essential to justify its opposition, which warrants denial of the Motion for Summary Judgment. Plaintiff further states that the averment made by Codefendant Metro Pavia is a question that creates a controversy of fact and requires discovery to determine whether Metro Pavia inspected the physical plant area where the fixed ladder is located and yet failed to counsel and advise Dr. Susoni hospital of the dangerous condition.

    **Reasons the SUF 10 is uncontested:** OSUF#10 does not controvert SUF# 10 in any meaningful way. Plaintiff admits that MPHS was not involved in any way in the design and construction of Pavia Arecibo fixed ladder. But disputed the fact that MPHS was not involved in the inspection of Pavia Arecibo fixed ladder, "*because of the contractual obligation to consult and advice upon the matter related to physical plant maintenance that would require inspection base on the contract*" See: OSUF 10. To support its argument Plaintiff just mention Exhibit I, referring to the General Counseling and Consulting Services Agreement, without referring in which page, or paragraph, if any, arises the alleged obligation of MPHS to do physical plant inspections. The truth is that from the agreement there's no clause regarding an obligation to conduct any inspections. Therefore, plaintiff argument is speculative and unsupported, and a mischaracterization of the agreement content. Furthermore, the Declaration Under Perjury of MPHS Chief Financial Officer, validates that MPHS was not involved in any inspection of the fixed ladder. [Exhibit 3 of MPHS Summary Judgement: General Counseling and Consulting Services Agreement ; Exhibit 2 MPHS Summary Judgement: Unsworn Declaration Under Penalty of Perjury, ¶3, page 3]

6

11. **MPHS SUF 11:** Dr. Susoni Health Community Services Corp. is and was the corporation that owned, administered and operated the Pavia Arecibo Hospital for the date of the alleged facts. [Exhibit 4: License Number 2, pursuant to Act 101 June 26,1965 as amended, Department of Health, Valid July 1,2016 to June 30, 2018, page 12] [Exhibit 5: License Number 2, pursuant to Act 101 June 26,1965 as amended, Department of Health, Valid July 1,2018 to June 30, 2020, page 13] [Exhibit 6,Certificate of Convenience and Necessity (CNC) number 14-118, page 14] [Exhibit 3: General Counseling and Consulting Services Agreement, ¶4, page 6]

    **Plaintiff's OSUF:** Plaintiff admits as UNDISPUTED paragraph 11 of Defendant's Statement of Uncontested Material Facts, and would clarify that the averment made is irrelevant to the liability of Codefendant Metro Pavia, as warranted by Clause 11 of the "General Counseling and Consulting Services Agreement" (EXHIBIT 1) with Dr. Susoni, dated January 1, 2016, whereas Metro Pavia is bound to give advice and counseling to Dr. Susoni regarding "Physical Plant and Maintenance" where the fixed ladder is located. Hence, the averred statement of fact does not support the Motion for Summary Judgment.

    **Reasons the SUF 11 is uncontested:** Plaintiffs' OSUF #11 does not raise any controversies as to SUF #11, and is admitted by Plaintiff. The SUF is relevant as to it established that Dr. Susoni Health Community Service Corp is the corporation that owned, administered and operated the Pavia Arecibo Hospital for the date of the alleged facts. Moreover, in his answer Plaintiff mischaracterized the letter of the clause 11 of the General Counseling and Consulting Services Agreement.  Furthermore, Pavia Arecibo Hospital never required or requested MPHS an assessment regarding the fixed ladder. [Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶4, page 3]

12. **MPHS SUF 12:** Dr. Susoni Health Community Services Corp. as the owner, administrator and operator of the Pavia Arecibo Hospital, is the corporation that could be held accountable for acts and omissions occurred at its premises. [Exhibit 4: License Number 2, pursuant to Act 101 June 26,1965 as amended, Department of Health, Valid July 1,2016 to June 30, 2018, page 12] [Exhibit 5: License Number 2, pursuant to Act 101 June 26,1965 as amended, Department of Health, Valid July 1,2018 to June 30, 2020, page 13] [Exhibit 6,Certificate of Convenience and Necessity (CNC) number 14-118, page 14]

    **Plaintiff´s OSUF:** Plaintiff partially admits as UNDISPUTED portions of paragraph 12 of Defendant's Statement of Uncontested Material Facts, and would clarify while Dr. Susoni is the owner, administrator and operator of the Pavia Arecibo Hospital and is held accountable for acts and omissions occurred at its premises, also Codefendant Metro Pavia is too held accountable, for being the consultant of the maintenance and safety of physical plant area of the hospital where the dangerous fixed ladder is located, as warranted by Clause 11 of the "General Counseling and Consulting Services Agreement" (EXHIBIT 1) with Dr. Susoni, dated January 1, 2016, whereas Metro Pavia is bound to give advice and counseling to Dr. Susoni regarding "Physical Plant and Maintenance".

**Reasons the SUF 12 is uncontested:** OSUF#11 does not controvert SUF# 12 in any meaningful way. Plaintiff admits that Dr. Susoni Health Community Services Corp. as the owner, administrator and operator of the Pavia Arecibo Hospital. But disputed the fact and avers that MPHS shall be held accountable for acts and omissions occurred at its premises. To validate his allegation, it refers to the "General Counseling and Consulting Services Agreement" Plaintiff mischaracterized the letter of the clause 11 of the General Counseling and Consulting Services Agreement. Metro Pavia Health System, Inc. services does not include inspections or visual audits regarding or pertaining the physical plant of Pavia Arecibo premises. No assessment was requested from Hospital Pavia Arecibo to MPHS regarding the diesel tank area. Furthermore, Pavia Arecibo Hospital never required or requested MPHS an assessment regarding the fixed ladder. [Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶4, page 3] MPHS is not and was not involved, in any way in the design, construction, or inspection of Pavia Arecibo fixed ladder. [Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶3, page 3]

13. **MPHS SUF 13:** MPHS and Dr. Susoni Health Community Services Corp. and MPHS are independent and separate legal entities, the exclusive owner and operator of Pavia Arecibo Hospital is Dr. Susoni Heatlh Community Service Corp. [Exhibit 3: General Counseling and Consulting Services Agreement, ¶1 ¶4, page 6]

    **Plaintiff´s OSUF:** Plaintiff admits as UNDISPUTED paragraph 11 of Defendant's Statement of Uncontested Material Facts, and would clarify that the averment made is irrelevant to the liability of Codefendant Metro Pavia under the clause # 11 for maintenance counseling and consulting regarding "Physical Plant and Maintenance". Hence the statement does not support the Motion for Summary Judgment.

    **Reasons the SUF 13 is uncontested:** Plaintiffs' OSUF #13 does not raise any controversies as to SUF #13, and is admitted by Plaintiff. The SUF 13 is relevant as to emphasize the relation between MPHS and Dr. Susoni Health Community Services Corp., and who is the operator and owner of Pavia Arecibo Hospital.

14. **MPHS SUF 14:** Metro Pavia Health System Inc. is not responsible for any possible act or omission of Dr. Susoni Health Community Services Corp., who was the owner, administrator and operator of Pavia Arecibo Hospital for the date of the alleged events. [Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶5, page 3] [Exhibit 4: License Number 2, pursuant to Act 101 June 26,1965 as amended, Department of Health, Valid July 1,2016 to June 30, 2018, page 12] [Exhibit 5: License Number 2, pursuant to Act 101 June 26,1965 as amended, Department of Health, Valid July 1,2018 to June 30, 2020, page 13] [Exhibit 6,Certificate of Convenience and Necessity (CNC) number 14-118, page 14]

    **Plaintiff's OSUF:** Plaintiff DENIES paragraph 14 of Defendant's Statement of Uncontested Material Facts Plaintiff and DISPUTES such statement because Under the "General Counseling and Consulting Services Agreement" (EXHIBIT 1) with Dr. Susoni, dated January 1, 2016, Metro Pavia had a contractual duty, as physical plant and maintenance consultant, to advise and warn Dr. Susoni's Hospital about the fixed-ladder's dangerous condition and lack of safety code compliance.

8

**Reasons the SUF 14 is uncontested**: OSUF#14 does not controvert SUF# 14 in any meaningful way. Plaintiffs include improper averments that MPHS had a duty to advise and warn Dr. Susoni's Hospital about the fixed-ladder's dangerous condition and lack of safety code compliance the witness statement is subject to credibility. The General Counseling and Consulting Services Agreement in its page 2, paragraph 1, establishes the Description of Services including "Physical Plant and Maintenance". The description of service does not mention any duty to advise about dangerous conditions in the physical plant area. Pavia Arecibo Hospital never required or requested MPHS an assessment regarding the fixed ladder. [MPHS Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶4, page 3] MPHS is not and was not involved, in any way in the design, construction, or inspection of Pavia Arecibo fixed ladder. [MPHS Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶3, page 3] Furthermore, Clause 11 of the General Counseling and Consulting Service Agreement states: "11. …Nothing in this agreement should be interpreted as a control on the part of Metro Pavia Health System with relation to the affairs regarding the operational counseling, human resources and labor relations, **physical plant and maintenance,** finance, legal advice and representation, medical utilization, purchasing, compliance, hiring, marketing, public relations, legal services, information systems or risk management or any other aspect regarding which counseling or consulting is provided."

15. **MPHS SUF 15:** MPHS is not responsible or liable for claims arising out of slip and falls or other accidents at Pavia Arecibo Hospital premises or claims arising out of Pavia Arecibo Hospital negligence, willful misconduct, or negligent performance of, or failure to perform, any of its duties or obligations. [Exhibit 2 Unsworn Declaration Under Penalty of Perjury, ¶10, page 3]

    **Plaintiff's OSUF:** Plaintiff DENIES paragraph 15 of Defendant's Statement of Uncontested Material Facts due to lack of information or belief as to the veracity of the self-serving statement made, and Plaintiff states that under Rule 56(d) of Federal Civil Procedure, Facts Are Unavailable to Plaintiff due to lack of discovery and he cannot present facts essential to justify its opposition, which warrants denial of the Motion for Summary Judgment. Plaintiff DISPUTES the statement made by Codefendant Metro Pavia, inasmuch as it is a question that creates a controversy of fact and requires discovery to determine whether Metro Pavia is responsible or liable under the "General Counseling and Consulting Services Agreement" (EXHIBIT 1) with Dr. Susoni, dated January 1, 2016, whereas Metro Pavia is contracted to give advice and counseling to Dr. Susoni regarding "Physical Plant and Maintenance" where the fixed ladder is located.

    **Reasons the SUF 15 is uncontested:** OSUF#15 does not controvert SUF# 15 in any meaningful way. Pavia Arecibo Hospital never required or requested MPHS an assessment regarding the fixed ladder. [MPHS Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶4, page 3] MPHS is not and was not involved, in any way in the design, construction, or inspection of Pavia Arecibo fixed ladder. [MPHS Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶3, page 3] Furthermore, Clause 11 of the General Counseling and Consulting Service Agreement states: "11. …Nothing in this agreement

should be interpreted as a control on the part of Metro Pavia Health System with relation to the affairs regarding the operational counseling, human resources and labor relations, physical plant and maintenance, finance, legal advice and representation, medical utilization, purchasing, compliance, hiring, marketing, public relations, legal services, information systems or risk management or any other aspect regarding which counseling or consulting is provided."

## II.   Oppositions to Plaintiffs' Statement of Additional Facts

The following includes specific oppositions to Plaintiffs' Statement of Additional Facts ("SAF"), per Local Rule 56 (d) of the FRCP:

1. **Plaintiff's SAF:** It is alleged in the Complaint that on October 22, 2017, Plaintiff Mr. Herrera fell from a fixed-ladder while providing a service in the physical plant area of the Hospital. It is an undisputed fact that the ladder at issue is located in the facilities that Codefendant Dr. Susoni owns and/or operates, located at the Metro Pavia Hospital, in 129 Road, Km 1.0 San Luis Avenue, Arecibo, PR (See Verified declaration as EXHIBIT 2).
**Reply Statement of Additional Facts:** Co-defendant PARTIALLY admits as undisputed portions of paragraph (1) of Plaintiff's Statement of Uncontested Material Facts.  However, Co-defendant denies the averment that "It is an undisputed fact that the ladder at issue is located in the facilities that codefendant Dr. Susoni owns and/or operates at the Metro Pavia Hospital, in Road, km 1.0 San Luis Avenue, Arecibo, PR. Dr. Susoni owns and/or operates, located at Pavia Arecibo Hospital. Because the correct name of the hospital is Pavia Arecibo Hospital, not Metro Pavia Hospital. [Exhibit 5 of MPHS Summary Judgement: License Number 2, pursuant to Act 101 June 26,1965 as amended, Department of Health, Valid July 1,2018 to June 30, 2020, page 13] [Exhibit 6 of MPHS Summary Judgement, Certificate of Convenience and Necessity (CNC) number 14-118, page 14]

2. **Plaintiff´s SAF:** The fixed ladder at issue that caused the accident is located on the physical plant area of the hospital Pavia in Arecibo. (See Verified declaration as EXHIBIT 2).
**Reply Statement of Additional Facts:** Co-defendant PARTIALLY admits as undisputed portions of paragraph 2 of Plaintiff's Statement of Uncontested Material Facts, specifically admits that the fixed ladder at issue is located on the physical plant area of the hospital Pavia Arecibo. However, co-Defendant denies that the fixed ladder at issue caused the accident.

10

The statement is conclusory and the Statement Under Penalty of Perjury of Carlos Mendoza, explicitly establishes "That during my visit, I physically inspected the location of the fixed ladder **that allegedly** caused the accident described in the Complaint at Hospital Pavia Arecibo. ¨ (**See, Plaintiff Exhibit 2, paragraph 6**).

3. **Plaintiff´s SAF:** On the date of the accident, Codefendant Metro Pavia was a party of a valid "General Counseling and Consulting Services Agreement" dated January 1, 2016 (EXHIBIT 1) with Codefendant Dr. Susoni Health Community Corp., to provide consulting and counseling services, inter alia, for the area of "Physical Plant and Maintenance", where the fixed ladder is located. (see EXHIBIT 2)

   **Reply Statement of Additional Facts:** Co-defendant PARTIALLY admits as undisputed portions of paragraph 3 of Plaintiff's Statement of Uncontested Material Facts, specifically admits that Metro Pavia was a party of a valid "General Counseling and Consulting Services Agreement" dated January 1, 2016, with codefendant Dr. Susoni Health Community Corp., to provide consulting and counseling services, inter alia, for the area of "Physical Plant and Maintenance". However, co-defendant denies the statement regarding "where the fixed ladder is located". The General Counseling and Consulting Services Agreement in its page 2, paragraph 1, establishes the Description of Services including "Physical Plant and Maintenance". The description of service does not mention the fixed ladder. Pavia Arecibo Hospital never required or requested MPHS an assessment regarding the fixed ladder. [Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶4, page 3] MPHS is not and was not involved, in any way in the design, construction, or inspection of Pavia Arecibo fixed ladder. [Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶3, page 3]

4. **Plaintiff´s SAF 4:** The "General Counseling and Consulting Services Agreement" states in Clause 1 (description of services rendered), that includes counseling upon the area of "Physical Plant and Maintenance", and in Clause 11 (CONSULTING) expresses that: "METRO PAVÍA HEALTH SYSTEM shall provide consulting and counseling services on this and other areas.

   **Reply Statement of Additional Facts**: Co-defendant PARTIALLY admits as undisputed portions of paragraph 4 of Plaintiff's Statement of Uncontested Material Facts, specifically admits that "The General Counseling and Consulting Services Agreement states in Clause 1 (description of services rendered), that includes counseling upon the area of Physical Plant

11

and Maintenance." However, co-defendant denies that in Clause 11 (CONSULTING) expresses that "Metro Pavia Health System shall provide consulting and counseling services on this and other areas." Clause 11 of the General Counseling and Consulting Service Agreement explicitly states:

*"CONSULTING. The parties expressly agree that the nature of this agreement is one of consulting and counseling. METRO PAVÍA HEALTH SYSTEM shall provide consulting and counseling services, wherefore it shall remain at the full discretion of the HOSPITAL to fully or partially accept or reject the recommendations received by virtue of this Agreement. It is expressly agreed that for all pertinent legal purposes, they are distinct, different corporations with their won legal personhood. Nothing in this agreement should be interpreted as a control on the part of METRO PAVÍA HEALTH SYSTEM with relation to the affairs regarding the operational counseling, human resources and labor relations, physical plant and maintenance, finances, legal advice and representation, medical utilization, purchasing, compliance, hiring, marketing, public relations, legal services, information systems, or risk management, or any other aspect regarding which counseling or consulting is provided. This Agreement seeks to regulate the relationship between both parties and does not grant any rights to third parties, that are not appearing parties herein*."
**[Exhibit 3 of MPHS Summary Judgement: General Counseling and Consulting Services Agreement, clause 11, page.5]**

5. **Plaintiff SAF 5:** Under the "General Counseling and Consulting Services Agreement" Codefendant Metro Pavia had a contractual duty, as consultant of "physical plant and maintenance", to advise Dr. Susoni's Hospital about any dangerous conditions in the physical plant area (EXHIBIT 1) such as of the fixed-ladder at issue located there that caused the accident. (EXHIBIT 2)

**Reply Statement of Additional Facts:** Co-Defendant denies paragraph 5 of Plaintiff's Statement of Uncontested Material Facts, the statement is based on conclusory allegations, improbable inferences and unsupported speculation. Exhibit I and II of Plaintiff does not establish that Metro Pavia had a contractual duty to advise Dr. Susoni's Hospital about any dangerous conditions in the physical plant area such as the fixed-ladder at issue located there that caused the accident. The Statement Under Penalty of Perjury of Carlos Mendoza,

explicitly establishes "T*hat during my visit, I physically inspected the location of the fixed ladder **that allegedly** caused the accident described in the Complaint at Hospital Pavia Arecibo.*¨ (**Plaintiff Exhibit 2, paragraph 6**).

The General Counseling and Consulting Services Agreement in its page 2, paragraph 1, establishes the Description of Services including "Physical Plant and Maintenance". The description of service does not mention any duty to advise about dangerous conditions in the physical plant area. Pavia Arecibo Hospital never required or requested MPHS an assessment regarding the fixed ladder**. [MPHS Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶4, page 3]** MPHS is not and was not involved, in any way in the design, construction, or inspection of Pavia Arecibo fixed ladder. **[MPHS Exhibit 2: Unsworn Declaration Under Penalty of Perjury, ¶3, page 3]**

RESPECTFULLY SUBMITTED.

WE HEREBY CERTIFY: that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of said filing to the attorneys of record.

In San Juan, Puerto Rico this 13 day of January of 2020.

    s/ Krystel Sáez Merced
    USDC-PR No. 304412
    E-mail ksaez@metropaviahealth.com

    **Metro Pavia Health System, Inc.**
    PO Box 3180
    Carolina, PR 00984
    Telephone: 787.625.8763
    Facsimile: 787.625.8543